FRYE v. BRINKER.

1. WITNESSES—AUTOMOBILES—OPPOSITE PARTIES.
In action by administrator of estate of deceased pedestrian against owner and driver of car which killed him, plaintiff had a right to call defendants to testify where they were the only eyewitnesses of the accident.

2. AUTOMOBILES—PEDESTRIAN'S DUE CARE—QUESTION OF FACT.
In action against motorists by administrator of decedent pedestrian, question of latter's due care *held,* one of fact and not of presumption, where defendants were eyewitnesses and called to the stand by plaintiff.

3. SAME—PEDESTRIANS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.
Verdict of jury for defendant motorists in action by administrator of estate of deceased pedestrian in accordance with testimony of the sole eyewitnesses, the defendants, that he came suddenly from street car tracks in middle of street and appeared to stumble into path of their car driven on its proper side of the street when it was within a couple of feet of him *held,* not against the great weight of the evidence since negligence of defendants was negatived and contributory negligence of deceased was established as proximate cause.

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
In action against motorists whose car fatally injured plaintiff administrator's decedent, question of latter's contributory negligence *held,* properly submitted to jury.

Appeal from Wayne; Campbell (Allan), J. Submitted June 13, 1935. (Docket No. 70, Calendar No. 38,291.) Decided September 9, 1935.

Case by Floyd A. Frye, administrator of the estate of Giacinto Cece, deceased, against Albert E. Brinker and wife for fatal personal injuries sus-

tained by decedent when hit by an automobile. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Anthony Maiullo* and *Dente & Dente (Stuart W. Hill,* of counsel), for plaintiff.

*Harold S. Knight,* for defendants.

Wiest, J. Plaintiff's decedent, while crossing Woodward avenue, just north of the intersection of Margaret street in the city of Detroit, the evening of September 17, 1932, was struck by an automobile, driven by defendant Mildred S. Brinker, and owned by her husband, defendant Albert E. Brinker, who was also in the car, and received injuries, rendering him unconscious and from which he died a few hours later.

Woodward avenue runs north and south, having two paved lanes for traffic, separated by street car tracks. Mrs. Brinker was driving north in the east and proper lane for traffic in that direction, when plaintiff's decedent came from the street car tracks and into the path of the automobile. The only eyewitnesses were the defendants and plaintiff called them to testify, as he had a right to do,* and their testimony was uncontradicted that the deceased came suddenly from the street car tracks and appeared to stumble into the path of the automobile when it was within a couple of feet from him.

Defendants being eyewitnesses of the accident the question of due care on the part of plaintiff's decedent was one of fact and not of presumption. *Richardson* v. *Williams,* 249 Mich. 350.

There was no evidence of physical facts at all contradictory to the testimony of the eyewitnesses and

---

* See 3 Comp. Laws 1929, § 14220.—Reporter.

the jury could do no less than follow the only evidence of what occurred. That evidence negatived negligence by defendants and established, as the proximate cause of the accident, the want of reasonable care on the part of plaintiff's decedent.

The court was not in error in submitting to the jury the question of contributory negligence of plaintiff's decedent. It cannot be said that the verdict, in accord with the sole evidence in the case, was contrary to the great weight thereof.

We find no reversible error, and the judgment is affirmed, with costs against plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.