RASMUSSEN *v.* McEACHRON.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
On appeal from directed verdict and judgment for defendant, testimony is construed in light most favorable to plaintiff.

2. AUTOMOBILES—PUBLIC HIGHWAYS—PRIVATE DRIVES—STOPPING—STATUTES.
Statute requiring motorists before entering public highway from private drive, to bring car to full stop recognizes right of way of those on highway over those so approaching and implies duty on such drivers to ascertain way to be clear before proceeding to enter upon the highway (1 Comp. Laws 1929, § 4713 [a]).

3. SAME—ASSUMPTION AS TO STOPPING.

   Motorist upon public highway, observing another about to enter thereon from private drive, has a right to assume latter would come to a full stop before entering highway as required by statute (1 Comp. Laws 1929, § 4713 [a]).

4. SAME—CONTRIBUTORY NEGLIGENCE—DEATH.

   Decedent motorist who entered public highway from private drive of gasoline station without stopping and crossed to other side of highway in front of defendant's oncoming car *held*, guilty of contributory negligence barring recovery for his death (1 Comp. Laws 1929, § 4713[a]).

5. DEATH—PRESUMPTION OF DUE CARE—EVIDENCE.

   Presumption of due care on part of deceased exists only in absence of evidence and cannot be weighed against facts.

6. SAME—AUTOMOBILE ACCIDENT—QUESTION OF FACT—EYEWITNESSES.

   Question of decedent's due care raised in action to recover for his death resulting from injuries received in automobile accident was one of fact and not of presumption where defendant and his sister were eyewitnesses.

7. AUTOMOBILES—DEATH—CONTRIBUTORY NEGLIGENCE—EYEWITNESSES.

   Directed verdict for defendant *held*, proper in action for death of decedent motorist who was contributorily negligent in failing to stop before entering public highway from private drive according to uncontradicted testimony of defendant and his sister, eyewitnesses to the accident (1 Comp. Laws 1929, § 4713 [a]).

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 11, 1935. (Docket No. 70, Calendar No. 38,547.) Decided January 6, 1936.

Case by Elmer E. Snyder against LaMott McEachron for personal injuries sustained in an automobile collision. Suggestion of death of plaintiff. Elda A. Rasmussen, administratrix with will annexed of the estate of Elmer E. Snyder, deceased, substituted as plaintiff. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Leibrand & Leibrand (Louis Osterhous, of counsel), for plaintiff.*

*Linsey, Shivel & Phelps, for defendant.*

Toy, J. At 9:30 o'clock, on the morning of July 3, 1933, plaintiff's decedent, driving his Ford automobile from a private driveway, attempted to cross to the south portion of US–16, a State trunk-line highway, at a place about 100 feet east of the intersection of US–16 with another highway, known as M–100, and collided with the Hudson automobile of defendant, which was being driven by him in a westerly direction on US–16. The trunk-line highway, US–16, at the point of the collision runs east and west. Plaintiff's decedent, intending to travel east on this highway, had proceeded from a gasoline service station north of the highway, on the private drive of the service station, in a southeasterly direction and diagonally to the highway. Upon the plaintiff's decedent entering the highway, while driving in this general direction, the collision occurred.

The only eyewitnesses who testified were the defendant and his sister, who was riding in the front seat of defendant's automobile at the time of the accident. The defendant testified that as he was traveling toward the scene of the collision, his speed was between 40 and 45 miles per hour, and that he first saw plaintiff's decedent when about 75 feet from him, and that plaintiff's decedent was at that time approaching the north side of the highway from the private drive of the service station; that he thought that plaintiff's decedent would stop before entering the highway; that he, defendant, blew his automobile horn continuously after seeing plaintiff's decedent; that plaintiff's decedent was looking in the other direction (west); that when defendant was but 30 feet away, plaintiff's decedent came onto

the highway, without stopping, directly in the path of defendant's oncoming automobile, at which time plaintiff's decedent was driving in a direction somewhat south of east, whereupon defendant applied his brakes and swung his automobile sharply to the south in an endeavor to escape a collision, but that the car of plaintiff's decedent struck defendant's automobile on the right side, smashing the doors and door posts and breaking the glass in the windows on that side; that there was no other damage to any other part of defendant's automobile. The defendant further testified that at the time of the impact the front wheels of the Hudson had crossed the center line of the highway into the southern portion thereof, but that its rear wheels were on the north part thereof. The testimony of the defendant was corroborated by that of his sister. Their testimony was neither contradicted nor impeached. The trial judge, after close of proofs, directed a verdict for the defendant of no cause of action, on the stated legal ground that plaintiff's decedent was guilty of contributory negligence.

In reviewing the testimony, in a light most favorable to the plaintiff, we find in the record nothing at all contradictory to the testimony of the eyewitnesses. It appears, uncontradicted, that plaintiff's decedent entered the public highway from a private drive, without coming to a stop.

1 Comp. Laws 1929, § 4713(a), provides:

"The driver of a vehicle entering a public highway from a private drive shall come to a full stop before entering such highway."

The scope and aim of this statute is plain. Not only does it recognize the right of way of vehicles on the public highway over those approaching from a private drive, but it also commands the duty upon one entering a public highway from a private drive

to stop; in addition it infers the duty upon such a driver, of ascertaining that the way is clear, before he may proceed to enter upon the highway.

This plaintiff's decedent did not do. Defendant had a right to assume that plaintiff's decedent would obey the mandate of the statute. See *Hazzard* v. *Heneveld,* 263 Mich. 253. Plaintiff's decedent in not doing so, under the circumstances of this case, was guilty of negligence, and under the uncontradicted testimony of the eyewitnesses, such negligence directly contributed to the cause of the accident.

But appellant contends in her brief that:

"Snyder being dead, there is a presumption that he exercised due care in crossing the pavement."

The rule is well established in this State that such a presumption exists only in the absence of evidence, and that such presumption cannot be weighed against the actual facts; that when there are eyewitnesses to the accident the question of due care is one of fact and not of presumption. See *Richardson* v. *Williams,* 249 Mich. 350; *Foote* v. *Huelster,* 272 Mich. 194; *Frye* v. *Brinker,* 272 Mich. 339.

The presumption of due care not applying, and the testimony of the defendant and his sister clearly showing plaintiff's decedent to have been guilty of contributory negligence, and such testimony being uncontradicted, there was nothing to submit to the jury. Therefore the trial judge properly directed a verdict for defendant.

The judgment of the lower court is affirmed, with costs to the defendant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSH-NELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.