## KALBFLEISCH *v.* PERKINS.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—QUESTION FOR JURY—LOCATION AND SPEED OF DECEDENT'S CAR—PLACE OF IMPACT.

In action by administratrix of estate of person, killed in highway crossing accident, to recover damages resulting from death of · decedent, exclusion of testimony proffered by defendant as to location and speed of decedent's car when defendant entered intersection and place of impact of the two cars as matter equally within knowledge of deceased *held*, reversible error, since it was a question of fact for the jury as to whether such matters were equally within the knowledge of deceased (3 Comp. Laws 1929, § 14219).

2. EVIDENCE—PRESUMPTIONS—CONTRIBUTORY NEGLIGENCE.—EYEWITNESSES.

Presumption that plaintiff's decedent, a motorist killed in an automobile collision, was free from contributory negligence *held*, not available where there was at least one living eyewitness to accident.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted June 10, 1937. (Docket No. 70, Calendar No. 39,575.) Decided November 10, 1937.

Case by Anna Mae Kalbfleisch, administratrix of the estate of LeRoy E. Kalbfleisch, deceased, against Bert Perkins for fatal injuries to plaintiff's decedent in an automobile collision. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial ordered.

*Geo. W. DesJardins* and *John G. Libbers,* for plaintiff.

*C. A. Reading,* for defendant.

POTTER, J. Plaintiff, as administratrix of the estate of LeRoy E. Kalbfleisch, deceased, sued defendant to recover damages resulting from the death of plaintiff's decedent who died as a result of an automobile highway crossing collision. From judgment for plaintiff for $3,500 damages, and costs, defendant appeals, alleging 14 reasons why the judgment of the trial court should be reversed.

The tenth reason relied upon by defendant for reversal is:

"Because the defendant, Bert Perkins, was not allowed, in objection of plaintiff's attorney and the ruling of the court thereon, to testify to the following:

"(a) The location of plaintiff's car when defendant entered the intersection and observed plaintiff's car approaching from the east, immediately preceding the accident alleged in plaintiff's declaration;

"(b) The speed of plaintiff's car when first seen by defendant as it approached from the east immediately preceding the accident alleged in plaintiff's declaration;

"(c) The place of impact, or collision, of plaintiff's car and defendant's car, at the time of the collision alleged in plaintiff's declaration."

The second question involved is thus stated by defendant:

"Did the plaintiff fail to prove, as a matter of law, that there was freedom from contributory negligence on the part of plaintiff's decedent, LeRoy E. Kalbfleisch?"

The third question involved is thus stated by defendant:

"Did the plaintiff fail to prove, as a matter of law, that the defendant was guilty of negligence that was the proximate cause of the accident."

Defendant offered testimony to show where decedent's car was when defendant first saw it and tending to show the speed of plaintiff's decedent's car when first seen by defendant. This proffered testimony was excluded as relating to matters which, if true, must have been equally within the knowledge of the deceased.* Defendant may have been able to testify accurately as to where decedent's automobile was when defendant first saw it and was certainly competent to testify as to the speed of plaintiff's decedent's car when first seen by defendant. It was at least a question of fact for the jury whether the proffered testimony related to matters that must have been equally within the knowledge of the deceased. The testimony should have been received. Its exclusion was error. *Noonan* v. *Volek,* 246 Mich. 377; *Lapachin* v. *Standard Oil Co.,* 268 Mich. 477; *Hanna* v. *McClave,* 271 Mich. 133.

It is strenuously urged there was, under the facts of this case, a presumption of decedent's freedom from contributory negligence. There was at least one living eyewitness to the accident. There was no such presumption in favor of plaintiff's decedent. *Richardson* v. *Williams,* 249 Mich. 350; *Foote* v. *Huelster,* 272 Mich. 194; *Frye* v. *Brinker,* 272 Mich. 339; *Buchel* v. *Williams,* 273 Mich. 132; *Rasmussen* v. *McEachron,* 274 Mich. 200; *Collar* v. *Maycroft,* 274 Mich. 376.

Many other questions are raised. We cannot establish in advance rules in relation thereto which will govern upon what may be a different record.

For the reasons above given, the judgment is reversed, with costs, and new trial ordered.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.

---

* See 3 Comp. Laws 1929, § 14219.—REPORTER.