DAHL *v.* GLOVER.

1. EVIDENCE—EXPERT WITNESSES—DESIGN OF MANHOLE COVER.
    Registered civil engineer's testimony relative to improper design
    of manhole cover was properly admitted in evidence in action
    against owner of premises on which it was located in side-
    walk, where the witness was qualified to testify as an expert
    and showed the particulars by which it was not a safe type
    of cover.

2. NUISANCE—MANHOLE COVERS IN PUBLIC SIDEWALK—QUESTION
    FOR JURY.
    Evidence presented in action against owner and occupiers of
    premises on which a manhole in the sidewalk was maintained
    and the cover of which became loose and permitted plaintiff
    to fall into the hole and severely injure her *held*, sufficient
    to present issue of fact to jury as to whether a nuisance had
    been created and maintained.

3. SAME—INSTRUCTIONS—MANHOLE IN SIDEWALK.
    Instructions to jury in action for injuries sustained by plaintiff
    when she fell through manhole in the sidewalk in front of
    appellant's property *held*, to have clearly outlined the respec-
    tive claims of the parties, and to have correctly defined what
    constituted a nuisance, to have properly instructed the jury
    as to the law of nuisances *per se*, as well as those which are
    intentional, and to have left it to the jury to find whether or
    not the manhole cover was constructed and maintained by the
    appellant in such a manner as to constitute a nuisance.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence § 783 *et seq.*
[2] 39 Am Jur, Nuisances § 145.
[3] 39 Am Jur, Nuisances § 144.
[4] 39 Am Jur, Nuisances §§ 24, 200.
[6] 15 Am Jur, Damages §§ 75, 209 *et seq.*

4. Same—Negligence—Contributory Negligence.

Court's charge that jury might find that a nuisance might have its origin in negligence and, if so found, contributory negligence would be a good defense which the jury must consider.

5. Same—Instructions.

Instructions, taken as a whole, in action for injuries sustained when plaintiff fell through manhole in sidewalk in front of appellant's property, claimed to be a nuisance, *held*, proper.

6. Damages—Leg, Back, Chest and Arm Injuries—Pain and Suffering.

Verdict for $7,000 for plaintiff was not excessive where she fell through manhole in sidewalk on appellant's property and suffered injuries to her legs, chest, arms and back, experienced a limitation of the motion of the head and atrophy of muscles in the areas and injury to the ulnar nerve, pain and suffering and probable permanent injury; and there is no claim of appeal to the jury of prejudice or for sympathy.

Appeal from Midland; Holbrook (Donald E.), J. Submitted January 10, 1956. (Docket No. 62, Calendar No. 46,696.) Decided March 1, 1956.

Case by Agnes Dahl against Hugh W. Glover and Frances A. Glover, copartners, doing business as Glover's Circle Pharmacy, and Cassidy Theatres, Inc., a Michigan corporation, for damages for personal injuries sustained in fall through manhole. Verdict and judgment of no cause of action as to defendants Glover. Verdict and judgment for plaintiff against defendant Cassidy Theatres, Inc. Defendant corporation appeals. Affirmed.

*James R. Rood* and *Floyd E. Wetmore,* for plaintiff.

*Stanton, MacKenzie, Cartwright & Walker (H. Monroe Stanton,* of counsel), for defendant Cassidy Theatres, Inc.

BOYLES, J.  Plaintiff sued the defendants for damages arising from an injury which occurred when she stepped on a steel cover over a manhole in the sidewalk, in front of the defendant Cassidy Theatres' property and the defendant Glover's Circle Pharmacy's place of business in Midland.  The cover tipped up when she stepped on it causing her to fall into the opening.  The case was tried by jury, resulting in verdicts of $7,000 against the defendant Cassidy Theatres, Inc., and for no cause for action in favor of Glover's Circle Pharmacy.  From the judgment entered against it accordingly the defendant theater company appeals.  The plaintiff has not appealed from the judgment in favor of the defendant pharmacy.

On October 23, 1952, at about 6:30 p. m., plaintiff stepped on the manhole cover while walking on the sidewalk in front of the building owned by said Cassidy Theatres, Inc., occupied by the defendant Glover's Circle Pharmacy.  The cover was 22-1/2 inches in diameter, set about 1/4 of an inch into a collar in the sidewalk.  Its edges were flush with the sidewalk, with a slight crown in the center, and it weighed 45-1/2 pounds.  Plaintiff, who had walked over the cover several times before, was walking at a normal gait, observed the manhole cover but saw nothing unusual, that it was not misplaced, stepped on it with her left foot and as she did so the cover flipped up, hit her leg and rolled away.  She fell into the manhole up to her armpits, was helped out, and was severely injured.

Plaintiff's declaration originally was in 2 counts.  The first alleged that the defendant was guilty of negligence in creating a nuisance, and that the plaintiff was free from any contributory negligence on her part.  However, at the conclusion of all the proofs the plaintiff withdrew count 1 based on neg-

ligence and the case was submitted to the jury on the second count. It alleged:

"6. That said opening constituted an encroachment upon and interfered with the use by the public of the city sidewalks, and that because of the nature, location and construction of said opening and because of the nature and construction of the cover thereon, was a public nuisance constructed by Cassidy Theatres and maintained by Hugh and Frances Glover. * * *

"10. That plaintiff's injuries aforesaid are the sole and proximate result of the construction and maintenance by defendants of said public nuisance."

Appellant advances 4 grounds for reversal, 2 of which may be considered together:

"1. Was defendant Cassidy Theatres, Inc., guilty of an unlawful or wrongful act or omission, which created a nuisance whereby the plaintiff was injured? * * *

"3. Did the lower court err in charging the jury on the theory of nuisance based upon negligence?"

Obviously the appellant, by said first question, seeks to advert to plaintiff's abandoned claim under count 1, i. e., that the defendant was guilty of "an unlawful or wrongful act or omission, which created a nuisance." Much testimony was received during the trial before plaintiff, at the conclusion of all the proofs, discarded her claim of negligence under her first count. The testimony cannot be definitely segregated and classified as applying to either plaintiff's claim of negligence or to her final claim of nuisance. The briefs of both parties canvass and discuss the testimony at length. There was substantial testimony that the manhole cover was of safe construction and properly placed. There was emphatic testimony to the contrary. It was not locked or fastened shut, although so designed that it could be

done. When properly fastened into place, it could not be tipped up or moved. It was not regularly inspected to see that it was kept in place. One Walter Buhler, a registered civil engineer employed by the city, whose testimony qualified him by 29 years' experience in construction work, including designing and constructing manhole covers for streets, sidewalks and highways, testified to different types of manhole covers used in construction work. After examining the manhole cover here in question, he testified that it was different from any that he had ever seen or used, thinner, 1/4 inch thick on the edge instead of 1-1/4 inches, and 45-1/2 pounds in weight instead of 96 to 98 pounds as used by the city of Midland; also that it fitted into the collar 1/4 inch at the edge instead of to a depth of 1-1/4 inches. After qualifying as an expert, he testified, in substance, that the manhole cover in question, lacking in depth at the edges and in weight, would not be a safe type of cover. We do not agree with appellant's claim that the court erred in submitting to the jury the testimony of the civil engineer. He had been amply qualified to testify as an expert on construction of manhole covers.

It is not necessary to cover all the testimony relating to proper construction of the cover. It is sufficient to say that there was enough competent testimony on both sides to raise an issue of fact as to whether a nuisance had been created or maintained, and that it was proper to submit that issue to the jury.

Appellant claims that the trial court erred in charging the jury on the theory of a nuisance based on negligence. Due to the nature of the testimony received during the trial, without objection, before plaintiff had withdrawn the claim of negligence, which had been received as referring to a claim of negligence creating a nuisance as well as to plain-

tiff's claim of maintaining a public nuisance, it was necessary for the court to charge the jury without attempting to segregate such testimony as might point solely to a claim of nuisance created by negligence. The charge, as a whole, clearly outlined the respective claims of the parties, and left it to the jury to find whether the manhole cover was *constructed and maintained* by appellant "in such a manner as to constitute a nuisance."

The court correctly defined what constituted a nuisance, properly instructed the jury as to the law of nuisances *per se,* as well as those which are intentional. The court then discussed a third class, which the court referred to as nuisances which have their origin in negligence, concerning which the court said:

"[Those] which become nuisances by reason of circumstances and surroundings and as to whether or not this class of nuisance has been established in this case is one of fact and it will be your duty to determine whether the same has been established by a fair preponderance of the evidence. * * * The plaintiff claims that because the manhole cover was not properly secured so as to afford absolute safety to users of the sidewalk and because of the fact that in its construction it didn't have a flange of sufficient thickness whereby the same would not become displaced easily, and for other reasons as they have indicated to you in their case, that this constitutes maintaining said manhole and manhole cover in such a condition whereby it was a menace and dangerous to the public and therefore a nuisance."

We are not in accord with appellant's claim that the court erred in charging the jury that they might find the maintaining of a nuisance created by negligence; or that the court "improperly injected [the question of negligence] into the case." The court

charged the jury that a nuisance might have its origin in negligence, and charged that if the jury so found, contributory negligence would be a good defense which the jury must consider.

The charge as a whole was proper. *Denny* v. *Garavaglia,* 333 Mich 317; *Brown* v. *Nichols,* 337 Mich 684.

Finally, appellant seeks reversal on the ground that the verdict was excessive. There was testimony that plaintiff had received a gouge in the right shin and was black and blue on both legs on up to the ribs, that she later complained of a severe pain across the chest, through the neck and down through the shoulder, experienced "a burning, stinging sensation that never leaves and I have had it since the accident;" that her right arm was weak and any use of it was painful; that any use of the arm resulted in pain and discomfort. Plaintiff had a numbness and weakness in the back of the neck, down her right arm, and numbness in the arm and in the right 4th and 5th fingers. She experienced a limitation of the motion of the head, and there was evidence of atrophy of the muscles in the areas as well as an injury to the ulnar nerve.

Pain and suffering was proven, as well as probable permanent injury, by medical testimony. There is no claim of an appeal to the jury of prejudice or for sympathy. The verdict was not excessive. *Adelsperger* v. *City of Detroit;* 248 Mich 399; *Watrous* v. *Conor,* 266 Mich 397.

Affirmed.

DETHMERS, C. J., and SHARPE, SMITH, REID, KELLY, CARR, and BLACK, JJ., concurred.