## YOUNG *v.* GROENENDAL.

### OPINION OF THE COURT.

1. NUISANCE—CONTRIBUTORY NEGLIGENCE.

  Generally, contributory negligence is a defense to an action for nuisance that has its origin in negligence.

2. SAME—INTERFERING WITH USE OF REAL PROPERTY.

  An action for classic nuisance, to which contributory negligence is not a defense, arises when one so uses his land as to cause unreasonable interference with the use and enjoyment of the land of another.

3. SAME—CONTRIBUTORY NEGLIGENCE—JURY INSTRUCTIONS.

  A jury charge on contributory negligence as defense is proper even though negligence count is amended to sound in nuisance at the close of proofs.

4. PLEADING—FORMAL LABELS.

  Trial court may and should penetrate the formal label of the pleadings to discover the actualities of the case.

5. NUISANCE—WRONGFUL DEATH—CONTRIBUTORY NEGLIGENCE.

  Contributory negligence *held*, a proper defense in an action for wrongful death where plaintiff alleged that defendants' commercial signs maintained near a road in violation of a statute were a nuisance which was the proximate cause of death of plaintiff's decedent because the signs obstructed decedent's vision as he rode his bicycle along a driveway next to the signs and into the road where he was struck by a car, the gist of the action being negligence (CLS 1961, §§ 247.276, 600.2922).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5, 6, 13–15] 39 Am Jur, Nuisances § 200.
  Contributory negligence or assumption of risk as defense to action for damages from nuisance—modern views. 73 ALR2d 1378.
[3] 38 Am Jur, Negligence § 367.
[4] 41 Am Jur, Pleadings § 63 *et seq.*
[7–11] 22 Am Jur 2d, Death §§ 215, 216.
[12] 38 Am Jur, Negligence § 344.
[16] 22 Am Jur 2d, Death § 105.

6. SAME—CONTRIBUTORY NEGLIGENCE.

One may not avert the consequences of his own contributory negligence by affixing to the negligence of a wrongdoer the label of nuisance whenever a nuisance has its origin in negligence.

7. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — PRESUMPTIONS — REBUTTAL.

A decedent is presumed to have exercised due care for his own safety, but the presumption disappears when direct, positive, and credible rebutting evidence is introduced.

8. SAME — CONTRIBUTORY NEGLIGENCE — PRESUMPTIONS — QUESTIONS FOR JURY—WRONGFUL DEATH.

Only in cases where direct testimony of credible eyewitnesses as to the negligence of deceased is uncontradicted is a court warranted in directing a verdict for the defendant on the ground of decedent's contributory negligence; if the testimony is contradicted or rendered improbable by the circumstances, or if the credibility of the witnesses is attacked, the question must be submitted to the jury.

9. SAME—EVIDENCE—PRESUMPTIONS—CONTRIBUTORY NEGLIGENCE—EYEWITNESSES—DEATH.

Presumption of a decedent's freedom from contributory negligence is not available where there is at least 1 living eyewitness to the accident, even if the witness is the defendant.

10. SAME—CONTRIBUTORY NEGLIGENCE—UNCONTRADICTED TESTIMONY—ISSUE OF FACT—WRONGFUL DEATH.

Decedent struck by a car after riding his bicycle into a road *held*, contributorily negligent as a matter of law in action for wrongful death, where driver of the car gave uncontradicted testimony that decedent came into the road "fast and without stopping", if the credibility of the driver's testimony concluded the possibility of a reasonable issue of material fact (CLS 1961, § 600.2922).

11. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—CREDIBILITY OF WITNESSES—UNCONTRADICTED TESTIMONY—DEATH.

Connection with accident of motorist whose car struck decedent in a road and who gave uncontradicted testimony that decedent failed to stop before riding his bicycle into the road *held*, not such an influential factor on credibility as to preclude a directed verdict for defendants charged with causing accident by maintaining signs which obstructed decedent's vision near edge of road in violation of statute, especially since motorist had no direct, personal involvement in the litigation (CLS 1961, §§ 247.276, 600.2922).

12. Same—Contributory Negligence—Wrongful Death.
     Directed verdict for defendants in wrongful death action charged
     with maintaining a nuisance by placing signs which obstructed
     decedent's vision near road in violation of statute, where de-
     cedent bicyclist who was struck by a car failed to stop before
     entering the road, *held*, not error, since decedent's conduct was
     contributory negligence as a matter of law (CLS 1961, §§
     247.276, 600.2922).

### Dissenting Opinion.

### T. G. Kavanagh, P. J.

13. Nuisance—Contributory Negligence—Violation of Law.
     *Contributory negligence is not a defense to nuisances which result
     from conduct in itself a violation of law.*

14. Same—Contributory Negligence.
     *Contributory negligence is not a defense to nuisances which are
     · intentional, i.e., where the creator intended to bring about the
     conditions which are found to be a nuisance.*

15. Same—Contributory Negligence.
     *Contributory negligence is a defense to a nuisance which arises
     out of negligence.*

16. Same—Contributory Negligence—Wrongful Death.
     *Contributory negligence is not a defense in an action for wrong-
     ful death where plaintiff alleged that defendants' commercial
     signs maintained near a road in violation of statute constituted
     a nuisance which was the proximate cause of death of plaintiff's
     decedent by obstructing his vision of road as he rode his bicycle
     on a driveway next to the signs and without stopping went
     into the road where he was struck by a car; hence, it was error
     for trial court to direct a verdict for defendants on ground that
     decedent was contributorily negligent as a matter of law (CLS
     1961, §§ 247.276, 600.2922).*

Appeal from Oakland; Dondero (Stanton G.), J. Submitted Division 2 December 6, 1966, at Lansing. (Docket No. 926.) Decided March 25, 1968. Rehearing denied August 6, 1968. Leave to appeal granted October 23, 1968. See 381 Mich 784.

  Complaint by James H. Young, administrator of the estate of Paul Robert Young, deceased, against Robert W. Groenendal and Harry H. Fetterly for

wrongful death. Judgment on directed verdict **for** defendants. Plaintiff appeals. Affirmed.

*Wallace D. McLay,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock (David J. Watters, Jr.,* of counsel), for defendants.

J. H. Gillis, J.   James H. Young, administrator of the estate of Paul Robert Young, deceased, brought this wrongful death action[1] against the defendants, Robert W. Groenendal and Harry H. Fetterly, doing business as Pete's Service Center No. 2, for maintaining a nuisance which was the alleged proximate cause of the death of plaintiff's decedent.

On October 12, 1962, Paul Robert Young, a 13-year-old boy was riding his bicycle in a westerly direction on a sidewalk adjacent to the south side of Elizabeth Lake road. One Roy Rodney Barnes was driving his car in an easterly direction in the lane closest to the south curb of Elizabeth Lake road. Plaintiff alleges that as Paul turned right on defendants' driveway to cross Elizabeth Lake road his vision of oncoming traffic from the west was obscured by signs placed there by the defendants advertising their business. Plaintiff asserts that these signs were erected in violation of CLS 1961, § 247.276 (Stat Ann 1968 Cum Supp § 9.1406), which reads in pertinent part:

"In no case shall any sign, marker or advertising device, except signs and guide posts erected by or with the approval of the proper highway commissioner or commissioners * * * be erected, painted or maintained within 500 feet from any highway intersection * * * or so as to obstruct the view

---

[1] CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922).

of any such intersection   *   *   *   or in any manner dangerous to the public."

Paul proceeded onto Elizabeth Lake road where Barnes' automobile struck and killed him.

The trial court on March 26, 1965, directed a verdict of no cause of action at the conclusion of plaintiff's case stating that the plaintiff's decedent was guilty of contributory negligence as a matter of law and therefore his claim was barred.

On appeal the plaintiff contended that: (1) the defendants created a public nuisance by erecting and maintaining signs in violation of the statutes of this State and contributory negligence is not a defense to an action founded on a theory of nuisance; (2) the plaintiff's decedent was not guilty of contributory negligence as a matter of law.

The Supreme Court of Michigan has stated that as a general rule contributory negligence is available as a defense to an action based on a nuisance where the nuisance is caused by negligent conduct. *Denny* v. *Garavaglia* (1952), 333 Mich 317. The rule is *contra* by the established weight of authority when there is a "classic" or "standard" or "absolute" nuisance involved. See 73 ALR2d 1381. The latter type nuisance arises when one so uses his land as to cause unreasonable interference with the use and enjoyment of the land of another. The classic nuisance is not in question here because there are no conflicting real property interests being asserted.

Whether the source of a nuisance action is really negligence requires attentiveness to all the facts of the action. In *Dahl* v. *Glover* (1956), 344 Mich 639, the Supreme Court, relying on *Denny* v. *Garavaglia, supra,* held that a jury charge on contributory negligence as a defense to be considered by the jury was proper although plaintiff, at the close of her evi-

dence, withdrew her count in negligence and relied solely on her count in nuisance. In the instant case, with no change in the facts alleged to support the cause of action, plaintiff amended his complaint to read nuisance instead of negligence. As in *Dahl* v. *Glover, supra,* the trial court may and should penetrate the formal label to discover the actualities of the case.

If liability is to be placed on the defendants in the present case, it must be predicated upon their violation of a duty owed to the plaintiff either in that they erected and maintained signs in violation of CLS 1961, § 247.276, *supra,* that obstructed plaintiff's decedent's vision as he came along the driveway and into the road, or that the maintenance of such signs was the breach of a common-law duty owed to plaintiff's decedent. The gist of this action is negligence. Therefore, contributory negligence is available as a defense. In Judge Cardozo's view, "whenever a nuisance has its origin in negligence, one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of a nuisance. * * * It would be intolerable if the choice of a name were to condition liability." *McFarlane* v. *City of Niagara Falls* (1928), 247 NY 340, 344, 345 (160 NE 391, 392).[2]

Plaintiff next contends that under the circumstances, plaintiff's decedent could not be guilty of contributory negligence as a matter of law.

There is a presumption recognized in the law that a decedent exercised due care for his own safety. However, this presumption disappears when there

---

[2] See, generally, 2 Harper & James, The Law of Torts, § 22.8, for a discussion of contributory negligence as a defense to nuisance. See specifically p 1224 where the authors state: "And today where a nuisance is grounded on negligence, contributory negligence is generally held to be a defense," citing *McFarlane* as the leading case.

is direct, positive and credible evidence introduced to rebut it. In the case of *Gillett* v. *Michigan United Traction Co.* (1919), 205 Mich 410, 415, 416, the Court held:

"When direct, positive and credible rebutting evidence is introduced, the presumption ceases to operate; but when circumstantial evidence of doubtful value is the only rebutting evidence offered, the question should be submitted to the jury, and if they decide that the circumstantial evidence should be disregarded, the presumption is still sufficient to establish plaintiff's case as to the exercise of proper care by the deceased. Moreover, it is only in cases where direct testimony of credible eyewitnesses as to the negligence of deceased is *uncontradicted,* that the court is warranted in directing a verdict for the defendant on the ground of decedent's contributory negligence."

In an action by the administratrix of a person killed in a highway accident, the presumption of decedent's freedom from contributory negligence is not available where there is at least one living eyewitness to the accident, even if the witness is the defendant. *Kalbfleisch* v. *Perkins* (1937), 282 Mich 27.

In the present case, the only person able to supply any direct and positive testimony concerning Paul Young's conduct just prior to the collision was Barnes, who stated that Paul came out of the driveway fast and without stopping.

"*Q.* Did he come out straight?
"*A.* Yes.
"*Q.* Right into the road?
"*A.* Right into the road, right straight out.

\* \* \*

"*Q.* Was he moving all this time?
"*A.* Yes, he was moving; moving fast."

Since this testimony was uncontradicted, we must affirm the ruling that Paul was contributorily negligent, as a matter of law, if we can say that the credibility of this testimony concluded the possibility of a reasonable issue of material fact.

Had Barnes been entirely disinterested in this occurrence, there would be little question as to his credibility. The essential problem concerns the effect of the fact that he drove the car which killed Paul; could his relationship to this fatal accident so influence his memory and his account that an issue of material fact still remained for the jury?

*Rasmussen* v. *McEachron* (1936), 274 Mich 200, sheds considerable light on the issue here. That decision affirmed a directed verdict for the defendant in an action based on an automobile accident resulting in a death. The defense was contributory negligence based, as here, on a failure by decedent to come to a full stop before entering a public highway from a private drive. "The only eyewitnesses who testified were the defendant and his sister, who was riding in the front seat of defendant's automobile at the time of the accident." *Rasmussen* v. *McEachron, supra,* at p 202. Their testimony was held sufficient to rebut the asserted presumption that decedent was acting with due care and (p 204), "such testimony being uncontradicted, there was nothing to submit to the jury."

Whatever influence could be asserted as affecting the testimony of Barnes could also have been said to have been present in *Rasmussen.* Indeed, the effect of such factors on credibility was possibly greater there, since the witnesses were the actual defendant and a close blood relative, in addition to their relationship to the accident itself. Here, we have only the involvement in the accident, without

direct personal involvement in the resulting litigation.

Barnes' connection with the accident is, therefore, not such an influential factor on credibility as to preclude a directed verdict. The holding of *Rasmussen* leads to the conclusion that the requirements articulated in *Gillett* v. *Michigan United Traction Co.*, *supra*, have been met in this case and that the trial court did not err in directing a verdict.

Affirmed. Costs to appellee.

McGREGOR, J., concurred with J. H. GILLIS, J.

T. G. KAVANAGH, P. J. (*dissenting*). I do not agree that this action involves a nuisance having its origin in negligence; consequently, I would hold that contributory negligence is not available as a defense. In *Denny* v. *Garavaglia* (1952), 333 Mich 317, the Supreme Court quoted from *Beckwith* v. *Town of Stratford* (1942), 129 Conn 506 (29 A2d 775), where that court recognized three classes of nuisance: (1) where the nuisance results from conduct which is in itself a violation of law, (2) where the creator of the nuisance intends to bring about the conditions which are found to be nuisance, (3) where the nuisance arises out of negligence. Contributory negligence is a defense only as to the third class. In my view, the facts in the case at bar bring it within the first class rather than the third. Defendants' conduct in erecting and maintaining the signs was in itself a violation of law. This is unlike the situation in *Denny* where plaintiff's claim was not that it was unlawful for defendant to repair the road, but rather that he did so in a negligent manner.

I would reverse for trial.