STOCKMAN *v.* KINNEY

1. NEGLIGENCE—QUESTION OF FACT—CONFLICTING TESTIMONY.
   Refusal to direct the jury that defendant automobile driver was negligent as a matter of law was correct where conflicting testimony was given as to whether defendant's headlights were lighted and generally unclear testimony was given on where decedent was standing when struck by defendant's car.

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — WRONGFUL DEATH — PRESUMPTIONS—INSTRUCTIONS TO JURY.
   Plaintiff in a wrongful death case for automobile negligence is entitled to a jury instruction that the decedent is presumed

REFERENCES FOR POINTS IN HEADNOTES
[1]  38 Am Jur, Negligence §§ 344–361.
[2]  22 Am Jur 2d, Death §§ 217, 218.

to have been acting with due care for his own safety where
defendant's proofs of decedent's contributory negligence pre·
sent a doubtful, or uncertainly circumstantial, question of fact
for the jury, regardless of the presence or absence of eyewit·
nesses to the event.

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 November 12, 1970, at Lansing.
(Docket No. 7218.)    Decided January 19, 1971.
Leave to appeal denied June 3, 1971. 385 Mich 753.

Complaint by Joan Stockman, administratrix of
the estate of Theodore Claire Hackett, against
Osborne Kinney and Orland Harvey Babcock for
the wrongful death of her decedent. Verdict and
judgment for defendant. Plaintiff appeals. Re-
versed and remanded for new trial.

*Finch & Finch,* for plaintiff.

*Douglas I. Buck,* for defendant.

Before: QUINN, P. J., and DANHOF and CARROLL,*
JJ.

DANHOF, J. On the night of September 17, 1966,
plaintiff's decedent, Theodore Claire Hackett, and
his wife were driving west on Vienna Road, a two-
lane blacktop highway, en route to a wedding recep-
tion. Having reached the intersection of Lewis
Road and feeling that he might have gone too far,
the decedent turned his car around and pulled off
the road onto the shoulder on the south side of
Vienna Road a short distance east of Lewis Road.
Leaving the car facing east with its low beam lights
on, the decedent took a flashlight and walked back
toward the intersection to read the street sign which
was on the northwest corner. Mrs. Hackett remained

─────────────────────────────

* Circuit judge, sitting on the Court of Appeals by assignment.

in the car facing straight ahead in an easterly direction. Meanwhile, Clarence Young, his wife and son, driving south on Lewis Road, stopped at the intersection. As it was very dark out, the Youngs saw only the flashlight beam pointed in a northwesterly direction by the decedent who stood to the east of Lewis Road. An automobile driven by defendant Babcock, with the express permission of defendant Kinney, approached the intersection travelling west on Vienna Road and struck the decedent from behind with the right front fender, killing him. Mr. Babcock said he did not see the decedent either before or immediately after he struck him, but when he felt the impact he stopped the car and backed up to see what he had hit.

Immediately thereafter, Ithurmer Lowell, travelling west on Vienna Road, saw Babcock backing the car up, noticed a shoe in the road, pulled over on the shoulder and saw feet sticking out of the ditch, thus discovering the decedent's body.

Plaintiff, as administratrix of the decedent's estate, commenced a wrongful death action. Upon trial before a jury, verdict and judgment were entered of no cause of action. The plaintiff thereupon filed a motion for judgment *non obstante veredicto* as to liability and a new trial as to damages only, or alternatively, a motion for a new trial. Both were denied March 29, 1969, and plaintiff appeals as of right.

The first question raised is whether the trial court committed reversible error in refusing to direct the jury that the defendant driver was negligent as a matter of law. Conflicting testimony was given regarding whether or not the defendant driver's headlamps were lighted, and generally unclear testimony was given with respect to exactly where the decedent was standing when struck. Thus on at least these

two points factual issues were raised which were properly submitted to the jury.

The next issue is whether the trial court committed reversible error in refusing to give the jury instruction requested by plaintiff relative to the duty of an automobile driver to maintain a lookout for persons or objects in his way. Those portions of the requested instruction which were applicable were substantially covered by the actual instructions given by the court and we find no error.

The third and most significant issue raised on appeal is whether the trial court committed reversible error in refusing to instruct the jury that there was a presumption that the decedent was acting with due care for his own safety, where there were eyewitnesses but no one could testify to exactly where the decedent was standing when he was struck. The trial court in refusing to give the instruction relied on *Young* v. *Groenendal* (1968), 10 Mich App 112, affd (1969), 382 Mich 456, in which this Court wrote at p 118:

> "In an action by the administratrix of a person killed in a highway accident, the presumption of decedent's freedom from contributory negligence is not available where there is at least one living eyewitness to the accident, even if the witness is the defendant". (Citing *Kalbfleisch* v. *Perkins* (1937), 282 Mich 27.)

The court then held that he had to consider the Youngs to be living eyewitnesses even though they could not state whether the deceased was standing on the highway or off of it when he was struck.

Counsel has cited two cases from our Court for the proposition that when there is an eyewitness the presumption that the decedent exercised due care disappears. Those cases are *Young* v. *Groenendal, supra,* and *Ruotsala* v. *Holzhauer* (1970), 24 Mich

App 571.  Both cases rely on Michigan Supreme Court cases decided before June 1, 1958.  They are *Kalbfleisch* v. *Perkins* (1937), 282 Mich 27, and *Schillinger* v. *Wyman* (1951), 331 Mich 160.  In *Schillinger* Justice DETHMERS discussed the "apparently irreconcilable conflict in the holdings of this Court" pertaining to eyewitnesses removing the presumption of the decedent's due care.  However, the actual holding was that the decedent was guilty of contributory negligence as a matter of law and a directed verdict for the defendant was affirmed.  See *Steger* v. *Blanchard* (On Rehearing, 1958), 353 Mich 140, where the *Schillinger* case was criticized.  In *Young* v. *Groenendal,* which was affirmed by an equally divided court, the opinion for affirmance by Justice DETHMERS also held that the decedent was guilty of contributory negligence as a matter of law and that the trial court was correct in directing a verdict in favor of the defendants.

To understand the legal issue presented in the case before us, it must be remembered that before June 1, 1958 a plaintiff had the burden of proving himself free of contributory negligence which was a proximate cause of the injury.  In wrongful death cases the plaintiff would always lose unless there was evidence to show that plaintiff's decedent was not contributorily negligent.  Therefore, a presumption that the plaintiff's decedent was acting with due care for his own safety was recognized so as to prevent such a plaintiff from being directed out of his lawsuit.  However, the presumption disappeared when direct, positive and credible evidence was introduced to rebut it.  As was said in *Gillett* v. *Michigan United Traction Co.* (1919), 205 Mich 410, 415, 416:

"When direct, positive and credible rebutting evidence is introduced, the presumption ceases to

operate; but when circumstantial evidence of doubtful value is the only rebutting evidence offered, the question should be submitted to the jury, and if they decide that the circumstantial evidence should be disregarded, the presumption is still sufficient to establish plaintiff's case as to the exercise of proper care by the deceased. Moreover, it is only in cases where direct testimony of credible eyewitnesses as to the negligence of deceased is *uncontradicted,* that the court is warranted in directing a verdict for the defendant on the ground of decedent's contributory negligence."

Court Rule No 23, § 3a (1945)[1] shifted the burden of proof as to contributory negligence from the plaintiff to the defendant. Thereafter, a minority of the Michigan Supreme Court was of the opinion that with plaintiff no longer bearing the burden of proving decedent's freedom from contributory negligence, the difficulty formerly confronting such plaintiff when eyewitness proofs were unavailable was absent and the need for an instruction as to the presumption had vanished. *Mack* v. *Precast Industries, Inc.* (1963), 369 Mich 439, 447.

However, in *Hill* v. *Harbor Steel & Supply Corporation* (1965), 374 Mich 194, 208–210, Justice SOURIS, writing for four Justices, said:

"Plaintiffs also contend that, inasmuch as defendants claimed that Hill was contributorily negligent, the trial court erred in refusing to instruct that in the absence of any contrary evidence there was a presumption that Hill was exercising due care at the time of the accident. Recently, we had occasion to consider such a claim in *Mack* v. *Precast Industries, Inc.,* 369 Mich 439. Mr. Justice BLACK, at p 454, speaking for a majority of the participating Justices, wrote the following:

---

[1] As added, effective June 1, 1958. See 352 Mich xiv. See currently, GCR 1963, 111.7.

" 'I agree with Justice Dethmers that no reversible error resulted from denial of plaintiff's request to charge that her decedent was presumptively free from contributory negligence. The request was not phrased in accordance with what apprehendedly is the instructionally correct rule for cases like this, set forth in durable *Gillett* v. *Michigan United Traction Co.,* 205 Mich 410, 421. Aside from that, I must register disagreement with the conclusion that former Court Rule No 23, § 3a (1945), now GCR 1963, 111.7, has eliminated need for instruction, when such instruction is otherwise appropriate, upon the subject of presumed due care. Conceivably, many cases will come to this Court where, even though the defendant now bears the burden of proving contributory negligence, the plaintiff on properly couched request in a jury case, or on judicial consideration of a nonjury case, will be entitled to aid of the presumption. Surely that will be true when, as here, the defendant's proof of such negligence presents a doubtful, or uncertainly circumstantial, question of fact for the jury, and certainly it will be true when the defendant presents no proof of contributory negligence.' The record in this case discloses that Hill and another workman were trying to open the cabinet of the welding unit when the explosion occurred. It may be that as a result of the activities of one of them the gases were ignited. There was not direct evidence that Hill's actions caused the explosion. At best, the evidence was 'uncertainly circumstantial'. In either event, plaintiffs were entitled to the requested instruction.

"Harbor Steel argues that a presumption of due care may be injected into a case by jury instruction only when there are no eyewitnesses to the accident. In *Mack,* however, there was an eyewitness whose testimony was favorable to plaintiff's cause, yet this Court still held that plaintiff would have been entitled to such an instruction concerning the presumption had he requested it properly."

Both the *Hill* and *Mack* cases were cited in *Koehler* v. *Detroit Edison Company* (1970), 383 Mich 224, 233, 234, for the rule that when the defendant's proof of contributory negligence presents a question of fact for the jury, plaintiff is entitled to a presumption of due care.

In the present case the testimony of the eyewitnesses was inconclusive as to whether the decedent was standing on or off Vienna Road. The defendant's proof of the decedent's contributory negligence presented a doubtful, or uncertainly circumstantial, question of fact for the jury and thus, as stated by Justice BLACK, the plaintiff upon a properly couched request was entitled to the aid of the presumption. Therefore, it is our opinion based on the *Mack, Hill,* and *Koehler* cases that it was reversible error for the trial court to refuse the plaintiff's request for a jury instruction that there was a presumption that the decedent was acting with due care for his own safety.

The final question raised does not require discussion since we are reversing for a new trial.

Reversed and remanded for a new trial; costs to plaintiff.

All concurred.