## BOLSER v DAVÍS

1. APPEAL AND ERROR—STANDARD JURY INSTRUCTIONS—OMISSIONS—
   DEVIATIONS—PROPER REQUEST—DELIBERATIONS.

   Prejudicial error is presumed where there is an omission of, or a
   deviation from an applicable and accurate standard jury in-
   struction which was properly requested at trial; provided, that
   where deviation is charged, it is brought to the attention of the
   trial court prior to the commencement of jury deliberations
   (GCR 1963, 516.6[2]).

2. NEGLIGENCE—APPEAL AND ERROR—CHILDREN—DUTY OF CARE—
   STANDARD JURY INSTRUCTIONS—REFUSAL TO INSTRUCT—EVI-
   DENCE.

   It was error for a trial court to refuse to give the standard jury
   instruction on the duty of care which a defendant owes to
   children to avoid negligently injuring them where evidence was
   presented in a negligence action from which the jurors could
   have found that the defendant knew or should have known
   that a child or children were likely to be in the vicinity (SJI
   10.07).

3. AUTOMOBILES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WRONG-
   FUL DEATH—PRESUMPTIONS—INSTRUCTIONS TO JURY.

   Plaintiff in a wrongful death case for automobile negligence is
   entitled to a jury instruction that the decedent is presumed to
   have been acting with due care for his own safety where the
   defendant's proofs of the decedents' contributory negligence
   present a doubtful, or uncertainly circumstantial question of
   fact for the jury, regardless of the presence or absence of
   eyewitnesses to the event (SJI 10.08).

4. AUTOMOBILES—NEGLIGENCE—EVIDENCE—PRIOR CONVICTIONS—IM-
   PEACHMENT—PREJUDICE—PROBATIVE VALUE—SUBSTANTIVE EVI-
   DENCE.

   It is permissible for a trial court to forbid character impeachment

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 623 *et seq.*
[2] 57 Am Jur 2d, Negligence §§ 76, 90, 93.
[3] 57 Am Jur 2d, Negligence §§ 298–302.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 944, 1002–1004.

of a defendant in an automobile negligence action by use of her driving record where it finds that the prejudice engendered by the revelation outweighs its probative value; prior convictions may not be allowed as substantive evidence of negligence.

Appeal from Mason, Charles A. Wickens, J. Submitted May 8, 1975, at Grand Rapids. (Docket No. 22061.) Decided July 23, 1975.

Complaint by Bruce Bolser, Administrator of the estates of Pamela and Linda Bolser, against Linford Davis and Joan Davis for damages for wrongful death. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Parmenter, Forsythe & Rude* (by *Steven G. Schember)* for plaintiff.

*White, Spaniola, Knudsen, Stariha & Potuznik, P. C.,* (by *Darrel G. Brown),* for defendants.

Before: R. B. BURNS, P. J., and BASHARA and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiff brought suit seeking damages for the death of his daughters. The two girls were struck by a car driven by Mrs. Davis and died from the impact. The accident occurred July 25, 1970 on US 10-31. The case went to a jury which rendered a verdict of no cause of action. Plaintiff appeals.

It is claimed that the trial court erred in denying the request of plaintiff that Standard Jury Instructions 10.07 and 10.08 be given. Recently, the court in *Javis v Ypsilanti Board of Education,* 393 Mich 689, 697; 227 NW2d 543, 546 (1975), stated:

"We therefore wish to clearly state that in our view,

and under our supervisory powers we hold, that GCR 1963, 516.6(2) *requires* that the SJI be used whenever they are applicable, accurate and requested by a party." (Emphasis in original.)

The court then held:

"We accordingly adopt a strict rule that we believe will provide economy in administration and fairness to the parties: Where there is an omission of, or a deviation from an applicable and accurate SJI, prejudicial error will be presumed; provided that the erroneously omitted SJI was properly requested at trial; and, provided that in those cases where error is charged as a result of a deviation from a SJI, said deviation was brought to the attention of the trial court prior to the commencement of jury deliberations."

It is clear that plaintiff properly preserved the issue for appeal, having requested the instruction at trial and having objected to the failure to charge. The legal accuracy of SJI 10.07 and SJI 10.08 is unquestioned. The dispositive question is whether, on the facts of the case, the proposed instruction was applicable.

SJI 10.07 reads:

"The law recognizes that children act upon childish instincts and impulses. If you find defendant knew or should have known that a child or children were or were likely to be in the vicinity, then the defendant is required to exercise greater vigilance and this is a circumstance to be considered by you in determining whether reasonable care was used by the defendant."

Defendant claims that there is no evidence from which jurors could find that she knew or should have known of the likely presence of children. The deposition of Mrs. Davis was introduced at trial as substantive evidence. Therein she states:

"As I recall, when you leave Scottville, there is a 60-mile-an-hour sign, and there are some homes somewhat back from the roadway. However, then, as you get more out of town, there are stretches, I think, of just farm homes. The area that I was involved with the accident in, the homes seem somewhat back from the highway, and then further on, I believe, there's a restaurant.

"I know there is a church somewhere between there and Ludington. I would say this is—to me, I think of it as a stretch of somewhat rural road with some homes."

Reasonable jurors could infer that the presence of homes did or should have put defendant on notice that children lived in the vicinity. Since children often play near their homes we believe that jurors could, from the testimony noted, "find that defendant knew or should have known that a child or children were or were likely to be in the vicinity". We do not say that the jurors were required to so find. We say only that they could permissibly do so. Since the instruction requested was applicable to the facts of this case, the trial court erred in failing to give it.

SJI 10.08 reads:

"Because _____ has died and cannot testify, you must presume that (he) (she) was in the exercise of ordinary care for (his) (her) safety (and for the safety of others) at and before the time of the occurrence, unless you find the presumption is overcome by the evidence.

"In deciding whether the presumption is overcome, you must weigh the presumption with all the evidence. If, after so weighing, you are unable to decide that the presumption has been overcome, then you must find that _____ was not negligent."

The trial court refused to give the instruction because, he opined, the presumption was not applicable. The trial court explained his reasoning:

" * * * the benefit of the presumption of due care exists in a case of this type where there are no witnesses other than the parties themselves. The fact that both of the attorneys in the case, for reasons tactically of their own failed to call three witnesses to this accident is unknown to the court, but there were other parties present to testify as to what happened at this time and place, and the presumption doesn't rest upon whether or not a party desires to call the witness. The benefit of the presumption is, if there was no witnesses. So the court feels that presumption does not apply to this case."

According to *Stockman v Kinney,* 29 Mich App 432; 185 NW2d 568 (1971), *lv den,* 385 Mich 753 (1971), the existence of an eyewitness does not ipso facto excuse the failure to give such an instruction. The Court in *Stockman* recited (29 Mich App at 435):

"The trial court in refusing to give the instruction relied on *Young v Groenendal* (1968), 10 Mich App 112, affd (1969), 382 Mich 456, in which this Court wrote at p 118:
" 'In an action by the administratrix of a person killed in a highway accident, the presumption of decedent's freedom from contributory negligence is not available where there is at least one living eyewitness to the accident, even if the witness is the defendant. (Citing *Kalbfleisch v Perkins* (1937), 282 Mich 27.)' "

This Court reversed. The Court held:

"The defendant's proof of the decedent's contributory negligence presented a doubtful, or uncertainly circumstantial, question of fact for the jury and thus, as stated by Justice BLACK, the plaintiff upon a properly couched request was entitled to the aid of the presumption. Therefore, it is our opinion based on the *Mack, Hill,* and *Koehler* cases that it was reversible error for the trial court to refuse the plaintiff's request for a jury

instruction that there was a presumption that the decedent was acting with due care for his own safety." 29 Mich App at 439.

Thus, the trial court applied an erroneous legal standard by holding that the existence of eyewitnesses who were not called to the stand rendered the instruction inapplicable. The proper and crucial question is whether "the defendant's proof of the decedent's contributory negligence presented a doubtful or uncertainly circumstantial question of fact for the jury".

Against that standard, we measure the testimony given in the instant case. Mrs. Davis testified that she had passed a car at 60 or 65 miles per hour. The speed limit was 65. She was getting or had gotten back into the right hand lane when she saw the two Bolser girls in the lane. One or two other children named Renwick were to the driver's left. Mrs. Davis thought that she was six or seven car lengths away when she first saw the children, but acknowledged the possibility that she had seen the children from 200 or 300 feet away.

Upon seeing the Bolser children in her lane, Mrs. Davis locked her brakes and veered right. From her description, if she had gone left, she would have hit the Renwicks while if she had gone further right she would have hit a telephone pole.

The testimony of Mrs. Davis is to the effect that she was partially on the road and partially on the shoulder at the time of the accident. Mrs. Renwick, the Bolser children's aunt, testified that she heard the thud while the Davis car was still on the road and that immediately afterward the car left the road. The Renwick girls had moved to Arizona since the accident. They did not testify, nor did any of Mrs. Davis' children (3 were in the car).

The testimony created a factual question and necessarily brought into play the presumption of due care. Thus, the trial judge misinterpreted the law, and, a correct interpretation would compel the giving of the instruction. Reversible error resulted from the failure to give SJI 10.08.

Plaintiff also claims that the trial judge erroneously forbade plaintiff's attorney's cross-examining Mrs. Davis to show her traffic record. Plaintiff relies on GCR 1963, 607:

"During the trial of civil actions the rules of evidence approved in *Van Goosen v Barlum,* 214 Mich 595; *Zimmerman v Goldberg,* 277 Mich 134; *Socony Vacuum Oil Co v Marvin,* 313 Mich 528; *Cebulak v Lewis,* 320 Mich 710, and re-enacted by PA 1961, No. 236 600.2158, shall prevail, anything in section 731 of the Michigan Vehicle Code (CLS 1961, § 257.731) to the contrary notwithstanding." Adopted Feb. 2, 1965.

Defendant and the trial court relied on the reasoning of *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974) and *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974). *Jackson* held that, in a criminal case, the trial court had discretionary power to disallow impeachment of defendant's character by his criminal record. *Renno* categorically disallowed the prosecutor's character impeachment by introducing municipal ordinance or misdemeanor convictions. We agree that, in the instant case, the trial court could permissibly find that the prejudice engendered by revelation of defendant's driving record outweighed the probative value. The reasoning which underlies *Jackson* and *Renno* would appear to apply to the instant civil case.

The trial court's opinion on this issue follows:

"(3) The court refused to permit the plaintiff's attorney to cross-examine the defendant driver on prior traffic convictions. The record should be read relative to when the question was asked and what foundation there was for it. After calling the defendant driver to the stand, and identifying who she was, and no other foundation, the plaintiff's attorney asked her if she had ever been convicted of prior traffic offenses. The court felt this was solely for the purpose of prejudice to the defendant's case, and was not for the purpose of determining her credibility as a witness. No questions were asked as to whether or not she considered herself a safe driver, nor were any facts gone into relative to the circumstances of this accident in relation to her prior driving, and the court feels that weighing the prejudice to the defendant in comparison to the probative value of this evidence in the case, that the prejudice, under the circumstances, far outweighs the value it would be to the jury in deciding this case.

"This position is especially taken in light of the *People v Renno* and *People v Jackson,* showing the philosophy of the Appellate and Supreme Courts to attempt to restrict this type of prejudicial testimony in a case when it is really being offered solely for prejudicial reasons."

Since this issue is not dispositive in this appeal, and since the case must go back for retrial, we spare the bar an exhaustive analysis of the authorities on this point. We do not speculate on whether the Supreme Court will extend the rationale of *Wheelock v Eyl,* 393 Mich 74; 223 NW2d 276 (1974), to encompass prior criminal convictions based on traffic offenses arising out of transactions *not* at issue in a civil proceeding, but it is difficult to see why the payment of a fine two years previously in an unrelated case should be admissible for certain circumstances in an unrelated civil proceeding arising out of a traffic accident at another time, in another place, and indeed perhaps in a far country.

We confine our decision in this case to upholding the trial court's refusal to allow appellant to cross-examine appellee concerning previous traffic violations, for the reason that we believe on this record, under these circumstances, the attempted cross-examination was motivated by appellant's counsel's desires to show appellee's driving tendencies, and not for purposes of testing her credibility. We observe in passing that perhaps the Supreme Court will extend the rationale of *Jackson* and *Renno* to civil cases. Indeed we may see an amendment to GCR 1963, 607 to clarify this issue which we believe calls for clarification. We are not, in this opinion, overruling the long line of civil cases allowing cross-examination of a civil litigant driver on traffic convictions to test credibility. We are merely following the Corollary rule that prior convictions may not be allowed as substantive evidence of negligence.

Reversed and remanded for new trial. Costs to plaintiff.