## FERDINAND TEIPEL v. VALENTINE HILSENDEGEN.

*Action for negligent injury—Prima facie showing.*

The *gravamen* of an action for damages for negligent injury is that plaintiff has been damnified by the wrongful and negligent conduct of defendant without having contributed thereto by his own negligence, and as the absence of contributory negligence is part of his case, he should show that he acted with due care.   But it is enough if he merely puts in evidence the facts and circumstances attending the injury: and if these show negligent conduct in the defendant from which the injury followed as a direct and proximate consequence, and do not show contributory negligence, a *prima facie* case is established.

In an action for negligent injury, if the proofs are such that reasonable minds may differ as to the fact of contributory negligence, the case should go to the jury; its absence need not be conclusively shown.

A case can be taken from the jury on the facts only when it is susceptible of but one just opinion.

Error to Superior Court of Detroit.   Submitted October 15.   Decided October 27.

TRESPASS ON THE CASE.   Plaintiff brings error.   Reversed.

*Alfred Russell* for plaintiff in error.

*Griffin & Dickinson* for defendant in error.   In an action for negligent injury causing death the evidence must show

that the deceased took proper care for his own safety : *Leh-man v. Brooklyn* 29 Barb. 234; *Cordell v. N. Y. C. & H. R. R.* 75 N. Y. 330; *Reynolds v. N. Y. C. & H. R. R.* 58 N. Y. 248.

COOLEY, J. When one sues to recover damages for a negligent injury, the *gravamen* of his complaint is that he has been damnified by the wrongful and negligent action of the defendant without having contributed thereto by negligent conduct of his own. The absence of contributory negligence is therefore a part of his case, and it is quite proper to say that he should show that he acted with due care. *Le Baron v. Joslin* 41 Mich. 313. But this only requires of him that he should put in evidence the facts and circumstances attending the injury, and if these show negligent conduct in the defendant from which the injury followed as a direct and proximate consequence, and do not show any contributory negligence in the plaintiff, a *prima facie* case for a jury is made out. He cannot be required to go further than this in negativing his own fault, and in many cases where there are no eye-witnesses, it would be impossible.

Nor is it necessary that the absence of contributory negligence should be shown beyond cavil or question. If the circumstances are such that reasonable minds might draw different conclusions respecting the plaintiff's fault, he is entitled to go to the jury upon the facts. The judge takes the case from the jury only when it is susceptible of but one just opinion.

In this case there were no eye-witnesses, and the injury resulted in death. The plaintiff sues as administrator of the person killed. There was some evidence of negligence on the part of the defendant, and there was some ground for an opinion that the intestate was negligent also. But the plaintiff put in such proofs of the attendant facts as were attainable under the circumstances, and from these it was by no means clear that the intestate was in fault at all. There was

room for the conclusion that he was not.    We think the case ought to have gone to the jury.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.