BLOCK *v.* CRAWFORD.

EVIDENCE—SETTLEMENT OF ACCOUNTS—QUESTION FOR JURY.

In an action to recover a balance claimed to be due to the plaintiff, the testimony of defendant that a cash payment, and the giving of a note, which was thereafter paid, constituted a settlement of plaintiff's account in full, entitled defendant to go to the jury.

Error to Presque Isle; Kelley, J. Submitted October 5, 1897. Decided October 25, 1897.

*Assumpsit* by Jacob Block and another against John Crawford and another for goods sold and delivered. From a judgment for plaintiffs, defendants bring error. Reversed.

*George B. Greening*, for appellants.

*A. M. Marshall* and *W. E. Rice*, for appellees.

MOORE, J. Plaintiffs sued defendants to recover a balance claimed to be due, and recovered a judgment, from which defendants appeal.

John Crawford, one of the defendants, testified that defendants did not purchase or receive two barrels of whisky for which plaintiffs sought to recover. He also testified to a settlement of the accounts between the parties, and that "the settlement referred to, of the $50 in cash and the $200 note, due some four or five months after the goods were purchased, was in full settlement of everything owing to the plaintiffs by the defendants, and that said note had been paid, and was in settlement of the account in full." After the testimony was all in, the trial court instructed the jury that the only question of fact for the jury was whether there was a shortage of two barrels of whisky, and refused to submit

to the jury the question whether the accounts between the parties had been settled. We think this was error. It was a disputed question of fact whether the claim sued upon had been settled and paid, and it should have been submitted to the jury. *Teipel* v. *Hilsendegen*, 44 Mich. 461.

Judgment is reversed, and new trial ordered.

The other Justices concurred.