THOMPSON *v.* HURSON.

1. APPEAL AND ERROR—PRINTED RECORD—AUTHENTICATION.
    Where evidence has been taken a case must be settled and signed by the trial judge (3 Comp. Laws 1915, §§ 12636, 13757, Circuit Court Rule No. 66), but where no testimony has been taken, as in the instant case, the case is heard on the record, which is authenticated by the clerk (3 Comp. Laws 1915, § 13759).

2. SAME—PRINTED RECORD—SUFFICIENCY—SUPREME COURT RULE.
    Where appellant has complied with Supreme Court Rule No. 35, properly presenting the only question raised, appellee's motion to strike the printed record from the files, because not sufficiently full, but without pointing out what paper or proceeding necessary to the determination of the question involved is absent therefrom, the motion will be denied, and the case disposed of upon its merits.

3. SAME—JUDGMENT—MODIFICATION BY CIRCUIT COURT.
    In a chancery appeal the Supreme Court hears the case

*de novo*, and the decree entered is the final adjudication of the rights of the parties; therefore the circuit court, upon application of a party, without leave of the Supreme Court, may not modify a decree which has been affirmed by the latter court.

4. SAME—RESERVATION IN DECREE.
   A decree of the Supreme Court affirming a decree of the circuit court reserving further consideration of the case as to an accounting and sale of property, *held*, while authorizing the circuit court to proceed therein, not to empower it to again consider the questions finally determined by the decree of the Supreme Court.

Appeal from Wayne; Shepherd, J., presiding. Submitted April 15, 1919. (Docket No. 42.) Decided May 29, 1919.

Petition by William E. Thompson against Patrick E. Hurson and others to vacate a portion of a decree. From an order granting the petition, defendants Hurson appeal. Reversed.

*Donnelly, Hally, Lyster & Munro*, for plaintiff.

*Chamberlain, Kennedy & O'Brien*, for appellants.

When this case was last before us we affirmed the decree of the court below. *Thompson* v. *Hurson*, 201 Mich. 685. A reference to the opinion will disclose the facts and they need not be here repeated. The opinion was filed June 3, 1918, and on June 17, 1918, the decree of this court was filed pursuant thereto, and the files were returned to the court below, together with a certified copy of the decree of this court. On August 2, 1918, a *præcipe* for the enrollment of the decree was there filed. On November 29, 1918, a petition of plaintiff to vacate a portion of the decree as affirmed was filed in the court below without leave of this court having been first obtained, and on the same day it was granted. From the order granting

the prayer of this petition defendants Hurson appeal. The decree affirmed by this court directed an accounting; it permitted the plaintiff Thompson to retain the Bethune and Byron avenue properties at a valuation therein fixed. As to the Cortland avenue property, it directed its sale with the following provision:

\* \* \* "and such sale shall be made subject to the right of the defendant Patrick E. Hurson to redeem from the same by paying to the commissioner the amount to be fixed as set forth in paragraph XIV of this decree at any time within thirty days after service upon him or his attorney of written notice of said sale."

The decree also contained the following provision:

"XIV. The court reserves further consideration of this case and of all matters therein involved until after the taking of said account, and said Henry G. Nicol, circuit court commissioner as aforesaid, or any party to this case, shall have the opportunity at any time to apply to this court for further instructions in the performance of his duties under the terms and provisions of this decree, including the amount either party must pay in cash to effect any redemption which he is entitled to make under the terms of this decree."

FELLOWS, J. (*after stating the facts*). Plaintiff has filed a motion to strike the printed record from the files for the reasons, (*a*) that there is no certificate of the circuit judge, and (*b*) that it is not sufficiently full. This motion must be overruled. Where evidence has been taken a case must be settled and signed by the trial judge. Section 22, chap. 50, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 13757); section 64, chap. 18 (3 Comp. Laws 1915, § 12636); Circuit Court Rule No. 66. Where no testimony has been taken, as in the instant case, there is no requirement and no necessity for any certificate of the circuit judge. The case is heard on the record which is authenticated by the clerk. Section 24, chap. 50 (3 Comp. Laws

1915, § 13759). It is not pointed out in plaintiff's motion what paper or proceeding necessary to the determination of the question here involved is absent from this printed. record. Supreme Court Rule No. 35 provides:

"The party removing a cause into the Supreme Court by writ of error, appeal, certiorari, case-made, or otherwise, shall prepare a printed record for the use of the court and counsel, which shall contain all the testimony, and so much of the ·pleadings, record and proceedings (and no more) as are necessary to present the questions raised." * * *

Surely the appellants should not be penalized or criticized because they have complied with the rule of this court and have caused to be printed a record properly presenting the only question raised. Had plaintiff by his motion pointed out anything further that was needed to properly understand the question presented an additional record might have been required. We must dispose of the case on its merits.

The meritorious question in the case is: May the circuit court upon application of a party, without leave of this court to make such application, modify a decree which has been affirmed by this court? It is well understood· that in chancery appeals this court hears the case *de novo* and that the decree entered in this court is the final adjudication of the rights of the parties. In the case of *Lyon* v. *Ingham Circuit Judge,* 37 Mich. 377, a decree of the Ingham circuit court in chancery had been affirmed by an equal division of the court. The cause having been remanded, the trial court opened the decree for further hearing. This court, speaking through Chief Justice COOLEY, there said:

"The policy of the law is that when a case has once been considered and disposed of by the courts before which it may lawfully be brought, it is disposed of for all time, and the conclusion cannot be attacked in

any new proceeding except upon certain equitable grounds which are foreign to the present discussion. The court rendering the conclusive judgment may have a discretionary authority to review and revise its own action, but if that court shall have taken the case on appeal, and shall have remanded it after judgment, the court below can have no similar authority, because if it could and should exercise it, it would really be reviewing and revising the action of its superior; which would be absurd."

But it is insisted by counsel for the plaintiff that under paragraph XIV of the decree above quoted the circuit court reserved further consideration of the case. The language of that paragraph cannot be construed to empower the circuit court to again consider the questions finally determined by the decree of this court. An accounting had been decreed and property was to be sold under the direction of the circuit court. With reference to these matters the circuit court was authorized to proceed. But the rights of the parties had been finally determined by this court, and a decree entered here fixing such rights. There must be a finality to litigation, and when the court of last resort of a State has finally adjudicated the rights of parties it cannot remain for the court to which the case is remanded to determine whether such adjudication shall be enforced.

The order appealed from will be reversed, with costs to appellants.

BIRD, C. J., and MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred. OSTRANDER, J., did not sit.