## MISKINIS v. BEMENT.

1. INTEREST—USURY—MORTGAGES—DECREE OF FORECLOSURE.
   The right to recover interest on a usurious mortgage loan prior to entry of decree of foreclosure is barred by statute, unless prior to decree something has occurred between the parties which purges the action of usury (CL 1948, § 438.52).

2. COURTS—JUDGMENT.
   Courts speak only through their judgments and decrees.

3. USURY—PURGING—DECREE—RECOVERY OF INTEREST.
   Where decree dismissing bill to foreclose a land contract was dismissed without prejudice to further proceedings incident to foreclosure of land contract as a mortgage or chattel mortgage and the principal amount due from defendants to plaintiffs was not adjudicated and no determination of the lender's right to recover interest, the transaction was not purged of usury so as to entitle lender to recover interest before decree in the subsequent proceedings (CL 1948, § 438.52).

Appeal from Oakland; Doty (Frank L.), J. Submitted June 16, 1949. (Docket No. 66, Calendar No. 44,477.) Decided September 8, 1949.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 55 Am Jur, Usury, §§ 87, 90.

Bill by Joseph Miskinis and wife against Austin
F. Bement to foreclose a mortgage. Decree for plain-
tiffs. Plaintiffs appeal. Affirmed.

*Meyer Weisenfeld,* for plaintiffs.

*Arnold F. Zeleznik,* for defendants.

NORTH, J. In this foreclosure of a real estate mort-
gage the only issue presented is this: During what
period of time should plaintiffs be allowed to recover
interest on a sum of money found to be due on the
mortgage loan? Plaintiffs, who are appellants,
claim they are entitled to recover interest from May
18, 1942, but the trial court allowed interest at 5 per
cent. per annum only from the date decree was en-
tered herein, October 25, 1948. There is no contro-
versy about the unpaid principal amount of the mort-
gage loan—$16,238.35. Much of the factual back-
ground of the instant case appears in our opinion in
a former suit between these same parties. See *Mis-
kinis* v. *Bement,* 301 Mich 365. It is from the date
rehearing was denied in that case (May 18, 1942)
plaintiffs claim interest should be computed.

In January, 1941, plaintiffs made a usurious mort-
gage loan to one or both of defendants, which plain-
tiffs are foreclosing in the instant case. Plaintiffs'
right to recover interest prior to the entry of decree
herein is barred by the statute (CL 1948, § 438.52
[Stat Ann § 19.12]) governing in that respect usuri-
ous loans, unless prior to decree herein something
occurred between the parties in consequence of which
the action was purged of usury.

It is plaintiffs' contention that by our decision in
the former case the transaction between these parties
was purged of usury. This contention is not main-
tainable. Courts speak through their judgments and
decrees. *Michigamme Oil Co.* v. *Huron Valley Build-*

*ing & Savings Ass'n,* 280 Mich 12; *Harnau* v. *Haight,* 212 Mich 66. In the former case between these parties the decree in the circuit court dismissed plaintiffs' bill of complaint. We affirmed that decree with the provision that our affirmance was "without prejudice to further proceedings incident to foreclosure of the land contract (as a mortgage) or chattel mortgage mentioned herein." In the earlier case the principal amount actually due from defendants to plaintiffs was not adjudicated nor was there any determination of plaintiffs' right to recover interest thereon. Even in the instant case, after allowing credit of $1,000 realized from foreclosure of a chattel mortgage which was a part of this same transaction, plaintiffs' prayer for relief is: "That the defendants Austin F. Bement and Evelyn Bement, his wife, be ordered and decreed to pay forthwith the indebtedness under said land contract, exhibit A, hereto attached. Upon the default in payment thereof, said land contract shall be foreclosed as a real estate mortgage;" and after payment of expenses of foreclosure, the balance received on the foreclosure be applied "toward the payment of the amount due and owing under said land contract."

We find nothing in the record which would justify a holding that the transaction between these parties was purged of usury prior to the circuit court's decree in the instant case, which provided for interest at 5 per cent. per annum on the amount due after date of the decree. The decree as entered in the circuit court is affirmed, with costs to appellees. The case is remanded for any appropriate future proceedings therein.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.