JOHNSON v WHITE (ON REMAND)

Docket No. 90354. Submitted February 3, 1986, at Lansing. Decided
    September 8, 1986. Leave to appeal granted, 428 Mich 857.

Plaintiff, Joan C. Johnson, individually and as personal represen-
    tative of the estate of L. Dee Johnson, deceased, brought an
    action in the Montmorency Circuit Court against Donald H.
    White, the Montmorency County Board of Road Commissioners
    and others for damages arising from the death of the decedent
    in an automobile accident. The trial court, Martin B. Breigh-
    ner, J., entered a judgment on a jury verdict of no cause of
    action in favor of the defendants. Plaintiff appealed. The Court
    of Appeals reversed and remanded the case to the trial court.
    144 Mich App 458 (1985). Thereafter, the Supreme Court, in
    lieu of granting leave to appeal, remanded the case to the
    Court of Appeals for reconsideration in light of *Johnson v
    Corbet,* 423 Mich 304 (1985). 424 Mich 868 (1986).

On remand the Court of Appeals, *held:*

1. Reversible error occurred in this case when the trial court
    refused to give SJI2d 10.08, even under the standard of review
    announced in *Johnson v Corbet.*

2. The instruction was applicable and its omission constituted
    an error or defect affecting the fairness of the trial and verdict.

3. The testimony of Francis Beadle at trial does not qualify
    under the present sense exception to the hearsay rule and was
    thus improperly admitted. On remand, Beadle's testimony re-
    garding the eyewitness's statement shall be excluded.

4. The opinion testimony of Deputy Schwartz as to the
    decedent's failure to yield the right-of-way must be excluded at
    the trial on remand because it is not supported by a sufficient
    foundation.

Reversed and remanded.

REFERENCES

Am Jur 2d, Appeal and Error §§ 668 *et seq.*

Am Jur 2d, Evidence §§ 493 *et seq.*

Am Jur 2d, Trial §§ 573 *et seq.*

See the annotations in the Index to Annotations under Appeal and
    Error; Hearsay; Instructions to Jury.

1. Appeal — Standard Jury Instructions.

> The failure to give an applicable and accurate Standard Jury Instruction which was requested at trial constitutes reversible error only when it amounts to an error or defect in the trial so that the failure to set aside the verdict would be inconsistent with substantial justice.

2. Trial — Standard Jury Instructions — Presumption of Ordinary Care.

> The effect of the presumption of ordinary care in a death case, as provided in the Standard Jury Instruction relating thereto, is to place upon a defendant the burden of showing that the decedent failed to exercise due care; the trial court may eliminate the instruction when direct, positive and credible rebutting evidence is presented; however, when circumstantial evidence of doubtful value is the only rebutting evidence offered, the question should be submitted to the jury, and if it decides that the circumstantial evidence should be disregarded, the presumption is still sufficient to establish plaintiff's case as to the exercise of proper care by the deceased; the mere fact that there is an eyewitness to the accident does not excuse the failure to give the jury instruction (SJI2d 10.08).

3. Evidence — Hearsay — Present Sense Impression.

> The present sense impression exception to the hearsay rule is limited to statements made while describing an event or condition or instantly thereafter; a statement made by an unidentified witness several minutes after an accident does not qualify as a present sense impression (MRE 803[1]).

*Jerry L. Sumpter, J.D., P.C. (by James W. Perry), for plaintiff.*

*Bensinger, Combs & Cotant, P.C. (by Michael D. Combs), for Donald White.*

ON REMAND

Before: J. H. Gillis, P.J., and M. J. Kelly and Shepherd, JJ.

M. J. Kelly, J. This case is before us once again on remand from the Michigan Supreme Court for reconsideration in light of *Johnson v Corbet,* 423

Mich 304; 377 NW2d 713 (1985). In *Johnson,* the Court abandoned a rule announced in *Javis v Ypsilanti Bd of Ed,* 393 Mich 689, 702-703; 227 NW2d 543 (1975), which provided that an omission or deviation from an applicable and accurate standard jury instruction which was requested at trial is presumed to be prejudicial error. We relied upon this rule to vacate a judgment of no cause of action against the plaintiff in this case due to the trial court's refusal to grant plaintiff's request for SJI2d 10.08. *Johnson v White,* 144 Mich App 458; 376 NW2d 130 (1985), remanded 424 Mich 869 (1986). We must now reconsider the effect of the trial court's ruling in light of the new standard of review announced in *Johnson v Corbet,* i. e., that the failure to give a requested instruction constitutes reversible error only when it "amounts to an 'error or defect' in the trial so that the failure to set aside the verdict would be 'inconsistent with substantial justice.' " 423 Mich 326.

The jury instruction refused by the trial court provided as follows:

> Because [name of decedent] has died and cannot testify, you must presume that [he/she] was in the exercise of ordinary care for [his/her] safety (and for the safety of others) at and before the time of the occurrence, unless you find the presumption is overcome by the evidence.
> In deciding whether the presumption is overcome, you must weigh the presumption with all the evidence. If, after so weighing, you are unable to decide that the presumption has been overcome, then you must find that [name of decedent] was not negligent. [SJI2d 10.08.]

The effect of this presumption is to place upon defendant the burden of showing that the decedent failed to exercise due care. *Salvati v Dep't of State*

*Highways,* 92 Mich App 452, 462; 285 NW2d 326 (1979). The trial court may eliminate an instruction on the presumption when direct, positive and credible rebutting evidence is presented. *Stockman v Kinney,* 29 Mich App 432, 436; 185 NW2d 568 (1971). However, "when circumstantial evidence of doubtful value is the only rebutting evidence offered, the question should be submitted to the jury, and if they decide that the circumstantial evidence should be disregarded, the presumption is still sufficient to establish plaintiff's case as to the exercise of proper care by the deceased." *Stockman, supra,* p 437, quoting *Gillett v Michigan United Traction Co,* 205 Mich 410, 416; 171 NW 536 (1919). Finally, the mere fact that there is an eyewitness to the accident does not excuse the failure to give the jury instruction. *Bolser v Davis,* 62 Mich App 731, 735; 233 NW2d 845 (1975).

We think that even under the standard of review announced in *Johnson v Corbett, supra,* reversible error occurred in this case when the trial court refused to give SJI2d 10.08. The evidence introduced at trial regarding the decedent's failure to exercise due care was inconclusive and contradictory and thus did not constitute direct, positive or credible rebuttal evidence justifying the trial court's refusal to give the requested instruction. Because we think the instruction was applicable and that its omission constituted an error or defect affecting the fairness of the trial and verdict, we reaffirm our earlier decision to vacate the judgment and remand for a new trial.

We further address two additional issues which may arise on remand. In our earlier opinion, two members of the panel agreed that the trial court properly admitted testimony of bar owner Francis Beadle to the effect that he was informed by an unidentified eyewitness at the scene of the acci-

dent that decedent had failed to bring his vehicle to a complete stop before pulling out into the intersection and into the oncoming truck driven by defendant White. The panel concluded that the testimony was admissible under the present sense exception to the hearsay rule. MRE 803(1). On remand, however, a majority of the panel concludes for the reasons stated in my earlier concurring opinion that the testimony of Francis Beadle does not qualify under the present sense exception to the hearsay rule and was thus improperly admitted. 144 Mich App 471. With the exclusion of this very prejudicial hearsay testimony, the evidence introduced at trial is somewhat less conclusive as to the decedent's exercise of care. On remand, Francis Beadle's testimony regarding the eyewitness' statement shall be excluded.

Second, a majority of this panel now also agrees that the opinion testimony of Deputy Schwartz as to decedent's failure to yield the right-of-way must be excluded at the trial on remand because it is not supported by a sufficient foundation. Other than the unidentified witness' hearsay observation, there is nothing in the record to support the deputy's conclusion.

Reversed and remanded for new trial.