JOHNSON v WHITE

Docket No. 79469. Argued October 7, 1987 (Calendar No. 5). Decided
March 7, 1988.

Joan C. Johnson, for herself and as personal representative of the
estate of L. Dee Johnson, deceased, brought an action for
wrongful death in the Montmorency Circuit Court against
Donald H. White and the Montmorency County Board of Road
Commissioners and others for damages arising from the death
of the decedent in an automobile accident. The court, Martin B.
Breighner, J., entered judgment for the defendants on a jury
verdict of no cause of action, declining to explain on the record
why it refused to give the plaintiff's requested standard jury
instruction on the presumption of ordinary care. The Court of
Appeals, J. H. GILLIS, P.J., and MULLEN, J. (M. J. KELLY, J.,
concurring), vacated the jury's verdict and remanded the case
in an opinion per curiam, holding that the trial court had erred
in failing to give the requested instruction. In addition, the
Court addressed the propriety of the testimony of two witnesses
and found no error (Docket No. 74730). White appealed and the
plaintiff cross-appealed. The Supreme Court, in lieu of granting
the defendant leave to appeal, remanded the case to the Court
of Appeals for reconsideration in light of *Johnson v Corbet*, 423
Mich 304 (1985), and denied the plaintiff's application to cross-
appeal. On remand, the Court of Appeals, J. H. GILLIS, P.J., and
M. J. KELLY and SHEPHERD, JJ., reversed, concluding that even
in light of *Johnson v Corbet*, a new trial was required for
failure to give the requested jury instruction. In addition, it
reversed its earlier opinion and held that the testimony of the
two witnesses should not have been admitted (Docket No.
90354). The defendant appeals.

In an opinion by Justice BOYLE, joined by Chief Justice RILEY
and Justices BRICKLEY and GRIFFIN, the Supreme Court *held:*

Because the Supreme Court denied the plaintiff leave to
appeal the issues in her cross appeal concerning the testimony

REFERENCES

Am Jur 2d, Appeal and Error §§ 744 *et seq.*

Erroneous decision as law of the case on subsequent appellate
review. 87 ALR2d 271.

of the two witnesses, the initial Court of Appeals adjudication of these issues became the law of the case and was not subject to further review by the Court of Appeals on remand. If it was error to refuse to instruct on the presumption of due care, the error does not require reversal.

1. Generally, an adjudication of an issue on appeal is the law of the case in all subsequent appeals of the same cause in which the facts are substantially the same. Where the case is appealed in a higher appellate court, the law of the case announced in the higher appellate court supersedes that set forth in the intermediate appellate court. Rulings obtained in the intermediate appellate court remain the law of the case insofar as they are not affected by the opinion of the higher court. In this case, this Supreme Court's order denying the plaintiff leave to cross-appeal the issue of the testimony of the two witnesses left undisturbed the adjudication of the issue by the first panel of the Court of Appeals. Thus, the adjudication became the law of the case and was not subject to further review by the Court of Appeals on remand.

2. A jury verdict should not be vacated for failure to give a properly requested accurate and applicable jury instruction unless the failure to set aside the verdict would be inconsistent with substantial justice. In this case, the record is conclusive that there was no opportunity for the instruction to have been considered during the jury's deliberations and that there was no defect in the trial which would render the failure to set aside the verdict to be inconsistent with substantial justice.

Reversed.

Justice CAVANAGH concurred in the result only.

Justice ARCHER, joined by Justice LEVIN, dissenting, stated that the order remanding this case to the Court of Appeals for reconsideration included jurisdiction to decide the evidentiary issues. Determination of the applicability of the jury instruction on the presumption of due care necessarily included an evaluation of all arguably relevant evidence and required a decision regarding whether the evidence was properly admitted. The evidence presented at trial entitled the plaintiff to receive instruction of the jury regarding the presumption of due care. The refusal by the trial court to give the requested instruction was error, requiring reversal and remand for a new trial.

154 Mich App 425; 397 NW2d 555 (1986) reversed.

APPEAL — REMAND BY SUPREME COURT — LAW OF THE CASE.

Where the Supreme Court, in lieu of granting leave to appeal,

remands a case to the Court of Appeals for reconsideration, and in addition denies an application to cross-appeal, issues pertaining to the cross appeal originally decided in the Court of Appeals become the law of the case and are not subject to further review on remand.

*Sumpter & Perry, P.C.* (by *Jerry L. Sumpter*), for the plaintiff.

*Bensinger, Combs & Cotant, P.C.* (by *Michael D. Combs*), for the defendant.

Boyle, J. In this case we are asked to determine (1) whether the Court of Appeals erred in addressing on remand the question whether the testimony of witnesses Beadle and Schwartz should not have been admitted into evidence, and (2) whether the trial court's failure to give the requested jury instruction, SJI2d 10.08, requires reversal.

We hold that because this Court denied leave to appeal the issues in plaintiff's cross appeal concerning the testimony of Francis Beadle and Deputy Schwartz, the initial Court of Appeals adjudication of these issues became the law of the case and was not subject to further review by the Court of Appeals on remand from this Court.

We further hold that if it was error to refuse to instruct on the presumption of due care as framed in SJI2d 10.08, the error does not require reversal. The record is conclusive that there was no opportunity for the instruction to have been considered during the jury's deliberations and no defect in the trial so that the failure to set aside the verdict would be inconsistent with substantial justice.[1] Therefore, the decision of the Court of Appeals is reversed.

---

[1] Because the error was harmless, if error at all, we do not address the question whether the instruction on the presumption of due care, SJI2d 10.08, remains viable where principles of comparative negligence are applied.

FACTS

Plaintiff's decedent, L. Dee Johnson, died as a result of a two car accident on September 11, 1979. The accident occurred at approximately 6:05 P.M. at the intersection of County Road 451 and Lake Avalon Road in Montmorency County.

The driver of the other car was defendant Donald White who was traveling southbound on County Road 451. Plaintiff's decedent was traveling eastbound on Lake Avalon Road. There was a stop sign at the intersection which required plaintiff to come to a stop and yield the right of way to defendant White.

Plaintiff filed a complaint alleging wrongful death, negligence, and nuisance. Also named as defendants were Francis R. Beadle, doing business as Avalon Bar, owner of the bar at the intersection where the accident occurred, and the Board of County Road Commissioners for the County of Montmorency. This appeal concerns only the claim against defendant White.

Plaintiff's theory of the case at trial was that defendant White had failed to drive his vehicle in a reasonable manner given the conditions existing at the time of the accident.

Mr. White, the only identified eyewitness, testified that he was on his way home from work when the accident occurred. It had been a rainy, cloudy day although it was not raining at the time.

As he approached the intersection, he observed three vehicles parked at the Avalon Bar. When the farthest vehicle began to back into Road 451, Mr. White swerved and crossed the centerline to avoid it. While still straddling the centerline, Mr. White saw the Johnson vehicle creeping into the intersection from Lake Avalon Road. Mr. White

attempted to stop, but could not avoid hitting the Johnson vehicle.

Francis Beadle, owner of the Avalon Bar, was permitted to testify over plaintiff's objection, that an unidentified eyewitness to the accident claimed that Mr. Johnson failed to bring his vehicle to a complete stop before pulling out into the intersection and into the path of defendant's truck. Similarly, Deputy Schwartz was permitted to testify over plaintiff's objection that Mr. Johnson had failed to yield the right of way.

At the close of all proofs, plaintiff requested inter alia the standard jury instruction, SJI2d 10.08, to the effect that because Mr. Johnson had died and could not testify, the jury must presume that he exercised ordinary care for his safety at or before the time of the occurrence. Without explanation, the trial court refused to give this instruction.

The case was submitted to the jury and a verdict of no cause of action was returned.

On appeal to the Court of Appeals, the verdict of no cause of action was vacated and the cause was remanded pursuant to *Javis v Ypsilanti Bd of Ed,* 393 Mich 689, 702; 227 NW2d 543 (1975), for failure to give a properly requested standard jury instruction. The Court of Appeals expressly addressed the propriety of Deputy Schwartz' and Francis Beadle's testimony and found no error.

Defendant White sought leave to appeal to this Court the decision of the Court of Appeals. Plaintiff applied for leave to cross-appeal the issues concerning the testimony of Francis Beadle and Deputy Schwartz.

While these appeals were pending, this Court decided *Johnson v Corbet,* 423 Mich 304; 377 NW2d 713 (1985), which overturned *Javis, supra,* upon which the Court of Appeals relied. Subse-

quently, in lieu of granting defendant's application for leave to appeal, this Court remanded the case to the Court of Appeals for reconsideration in light of *Johnson v Corbet*. Plaintiff's application for leave to cross-appeal was denied for failure to persuade that the questions presented should be reviewed by this Court.

On remand, the Court of Appeals concluded that even in light of *Johnson v Corbet,* a new trial was required for failure to give the requested jury instruction. In addition, the Court of Appeals reversed its earlier opinion and held that the testimony of Francis Beadle and Deputy Schwartz should not have been admitted.

This Court granted defendant's application for leave to appeal limited to the issue whether the trial judge properly refused the presumption of due care instruction, SJI2d 10.08. On defendant's motion for reconsideration of the order granting leave to appeal, this Court also agreed to consider whether the Court of Appeals erred in determining that certain testimony of witnesses Beadle and Schwartz should not have been admitted into evidence.

### I. THE EVIDENTIARY ISSUES

We denied plaintiff's cross appeal which raised the evidentiary issues regarding the testimony of Francis Beadle and Deputy Schwartz. Nevertheless, after we remanded the case to the Court of Appeals for reconsideration in light of *Johnson v Corbet,* the Court of Appeals reversed itself on those issues and held that the testimony was improperly admitted. This was clearly beyond its jurisdiction on remand.

As a general rule, an adjudication on an issue in the first appeal is the law of the case in all

subsequent appeals in which the facts are substantially the same. 5B CJS, § 1821, p 181. *CAF Investment Co v Saginaw Twp,* 410 Mich 428, 454; 302 NW2d 164 (1981). The reason for the rule is the need for finality of judgment and the want of jurisdiction in an appellate court to modify its own judgments except on a rehearing. *Lyon v Ingham Circuit Judge,* 37 Mich 378 (1877); *Thompson v Hurson,* 206 Mich 139; 172 NW 544 (1919); 5B CJS, § 1821, p 190.

Where a case is taken on appeal to a higher appellate court, the law of the case announced in the higher appellate court supersedes that set forth in the intermediate appellate court. Rulings of the intermediate appellate court, however, remain the law of the case insofar as they are not affected by the opinion of the higher court reviewing the lower court's determination. 5B CJS, § 1964, p 574.

In the case at bar, this Court's order denying leave to appeal the plaintiff's cross appeal which concerned the testimony of Francis Beadle and Deputy Schwartz left undisturbed the Court of Appeals adjudications of those issues. Those adjudications are the law of the case and were not subject to further review by the Court of Appeals on remand from this Court. Accordingly, the Court of Appeals decision as to these issues must be vacated.

The dissenting opinion would hold that our mandate on remand necessarily included a review of the evidentiary issues in order to determine whether the use of SJI2d 10.08 was required under MCR 2.516(D)(2). However, a court speaks through its orders and judgments and not through its opinions. *Miskinis v Bement,* 325 Mich 404; 38 NW2d 897 (1949). The rationale of the dissenting

opinion would render the order denying plaintiff's cross appeal on the evidentiary issues a nullity.

The dissenting opinion also reasons that disposition of the evidentiary issues by the first Court of Appeals panel was unnecessary to the holding that plaintiff was entitled to a new trial and, therefore, that the holdings were dicta and not subject to the doctrine of the law of the case.

However, assuming for the moment that the dissenting opinion is correct that a determination of whether a jury instruction should be given requires review of the evidentiary issues, the first Court of Appeals panel was obliged to adjudicate the trial court's decisions on the evidentiary issues in order to determine whether it was error to refuse the instruction. Accordingly, under the view espoused by the dissent, because it was necessary to adjudicate the evidentiary issues in order to determine the instruction issue, the holdings on the evidentiary issues by the first panel of the Court of Appeals are not dicta and are subject to the doctrine of the law of the case.

Properly speaking, however, the rationale of the dissent is not so much incorrect as it is misapplied. On first appeal to the Court of Appeals, the Court of Appeals was required to determine if the properly requested SJI was applicable to the case at bar. See GCR 1963, 516.6(2), presently MCR 2.516(D)(2). If so, then, under *Javis,* the failure to give the SJI required reversal without the necessity of establishing manifest injustice. Under the facts of this case, the Court of Appeals was required to first review assignments of error relating to the admission or exclusion of evidence on the issue of plaintiff's negligence in order to determine the applicability of the instruction.[2]

---

[2] Under the view of the first Court of Appeals panel, the instruction

The rationale of the dissenting opinion does not apply, however, when the second Court of Appeals panel revisited this case on remand from this Court. Our order denying plaintiff's cross appeal required the second Court of Appeals panel to reconsider the instruction issue under *Johnson v Corbet* as if the evidentiary issues were beyond dispute. Therefore, the Court of Appeals exceeded its authority on remand when it reversed the decision of the first Court of Appeals panel which had been finalized by the action of this Court.

There is some authority for the proposition that the doctrine of the law of the case should not be applied where the decision on first appeal is incorrect. See anno: *Erroneous decision as law of the case on subsequent appellate review,* 87 ALR2d 271. Whether this exception should be recognized for purposes of the instant case need not be addressed, however, for the holdings of the prior Court of Appeals panel are not clearly erroneous.

Plaintiff objected to the admission of Francis Beadle's testimony on the basis that it was hearsay. Defendant submitted that the testimony fell within the present sense exception, MRE 803(1), or the excited utterance exception, MRE 803(2), to the hearsay rule.

The present sense exception pertains to "[a] statement describing or explaining an event or

was supported by the record notwithstanding the holdings on the disputed evidentiary issues. 144 Mich App 458; 376 NW2d 130 (1985). Under the view of the second Court of Appeals panel, the evidentiary issues were wrongly decided. However, whether the evidentiary issues were wrongly decided or whether the first Court of Appeals panel was correct in finding the jury instruction applicable has no bearing on the question whether the evidentiary issues were necessary to the adjudication of the instruction issue.

In addition, because these issues were raised, briefed, and argued by the parties, disposition of the issues was at worst judicial dicta. Unlike obiter dicta, judicial dicta are not excluded from applicability of the doctrine of the law of the case. 5 Am Jur 2d, Appeal and Error, § 753, pp 196-197.

condition made while the declarant was perceiving the event or condition, or immediately thereafter." MRE 803(1). In an opinion issued prior to trial, the trial court ruled that the testimony would be allowed under Rule 803(1):

> [I]t appears that the statements sought to be admitted were made immediately after the event in question, that is to say between two (2) and ten (10) minutes. The declarant was in a position to observe the accident since he was following the decedent driver in his own automobile. Therefore, he had the ability to perceive the event or condition about which the statement was made. Finally the statement was not a statement of opinion, but was a factual statement as to how the accident occurred. Namely, the decedent driver proceeded through a stop sign intersection without stopping.

The excited utterance exception applies to "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." MRE 803(2). The trial judge further stated that this exception might apply but reserved ruling on the issue until he had an opportunity to observe the witness and consider the context of the statement.

At trial, the court admitted the statement without specifying which exception applied. The first Court of Appeals panel affirmed the ruling of the trial court under the present sense exception. In doing so, it rejected the concurring opinion's reliance on *Hewitt v Grand Trunk W R Co,* 123 Mich App 309; 333 NW2d 264 (1983), for the interpretation that the phrase "immediately thereafter" in MRE 803(1) required that the statement be made "instantly" after the event.

The second Court of Appeals panel adopted the

reasoning of the concurrence and ruled that the present sense exception was inapplicable. We agree with the first Court of Appeals majority that *Hewitt v Grand Trunk W R Co* is distinguishable from the case at bar. In *Hewitt,* the Court of Appeals took a restrictive view of the phrase "immediately thereafter" in excluding a statement made at least several, and possibly as much as thirty, minutes after the subject event. In this case, a fair reading of the record indicates that no more than four minutes intervened between the accident and statement. Because Beadle's testimony indicated that the time frame could have been less than four minutes, the trial court could properly find, after hearing and observing the witness, that the declarant's statement was made immediately after he perceived the accident. Compare *United States v Medico,* 557 F2d 309, 315 (CA 2, 1977).

Plaintiff also objected to the admission of Deputy Schwartz' testimony claiming that an insufficient foundation was laid for his opinion that the decedent failed to yield the right-of-way just before the accident occurred. We agree with the first Court of Appeals panel that the information gathered by Deputy Schwartz through his own observations and the observations of others at the scene properly supported his opinion. The fact that defendant White's testimony might indicate that the decedent stopped at the stop sign is not inconsistent with the deputy's conclusion that the decedent failed to yield the right of way. The decedent was required to wait for the traffic to clear as well as to stop at the stop sign. Therefore, even without the testimony of Francis Beadle as to the statement of the unidentified witness, the information gathered at the scene from observation of the

vehicles and skid marks would support the conclusion of the deputy.

In sum, the first panel deciding the evidentiary issues at the Court of Appeals did not err in upholding the trial court. Therefore, there is no reason to depart from the doctrine of the law of the case.

## II. THE INSTRUCTION ISSUE

Prior to the adoption of comparative negligence in this state, the contributory negligence of a plaintiff operated as a complete bar to recovery. As part of a prima facie case, the plaintiff was required to establish not only that the defendant's negligence was the proximate cause of the injury suffered, but also that the plaintiff acted with due care. *Teipel v Hilsendegen,* 44 Mich 461, 462; 7 NW 82 (1880).

In a wrongful death case where there were no eyewitnesses, the rule was not relaxed, but the plaintiff did enjoy the benefit of the presumption, in the absence of evidence to the contrary, that the decedent used ordinary care, and the presumption was sufficient to permit the plaintiff to recover upon showing negligence of the defendant. *Adams v Iron Cliffs Co,* 78 Mich 271, 277; 44 NW 270 (1889); *Teipel, supra.* The presumption operated to relieve the plaintiff of the burden of going forward with evidence establishing due care on his own part until the defendant came forward with evidence establishing the contrary. *Gillett v Michigan United Traction Co,* 205 Mich 410, 415; 171 NW 536 (1919).

The presumption did not vanish immediately upon the introduction of any evidence tending to show negligence on the part of the deceased. Rather,

, [a] distinction has been recognized between direct, positive and credible rebutting evidence and mere circumstantial evidence having but a slight or inconclusive tendency to rebut the presumption. When direct, positive and credible rebutting evidence is introduced, the presumption ceases to operate; but when circumstantial evidence of doubtful value is the only rebutting evidence offered, the question should be submitted to the jury, and if they decide that the circumstantial evidence should be disregarded, the presumption is still sufficient to establish plaintiff's case as to the exercise of proper care by the deceased. Moreover, it is only in cases where direct testimony of credible eyewitnesses as to the negligence of deceased is *uncontradicted,* that the court is warranted in directing a verdict for the defendant on the ground of decedent's contributory negligence. If the testimony is contradicted by other witnesses, or rendered improbable by the circumstances, or if the credibility of the witnesses is attacked, the question must be submitted to the jury, but in such case the jury must weigh merely the evidence, unaided by the presumption. [*Id.,* 415-416. Emphasis in the original.]

Where the presumption applies, the jury is to be instructed accordingly:

Presumption of Ordinary Care—Death Case
Because [name of decedent] has died and cannot testify, you must presume that [he/she] was in the exercise of ordinary care for [his/her] safety (and for the safety of others) at and before the time of the occurrence, unless you find the presumption is overcome by the evidence.

In deciding whether the presumption is overcome, you must weigh the presumption with all the evidence. If, after so weighing, you are unable to decide that the presumption has been overcome,

then you must find that [name of decedent] was ᵢ not negligent. [SJI2d 10.08.][3]

In *Johnson v Corbet, supra,* 326, a majority of this Court held that a jury verdict should not be vacated for failure to give a properly requested accurate and applicable jury instruction unless the failure to set aside the verdict would be inconsistent with substantial justice. Applying this standard to the instant case, we hold that the failure to give SJI2d 10.08, if error, does not require reversal.

The trial judge correctly instructed the jury on the operation of comparative negligence. SJI2d 11.01. Hence, the jury was clearly informed that the negligence of the decedent, if any, would not bar recovery by the plaintiff against the defendant, but that the total amount of damages to which the plaintiff would otherwise be entitled would be reduced by the percentage of the decedent's negligence that was a proximate cause of his death. Therefore, it cannot be argued that the jury was compelled to find no negligence by the decedent in order to justify a recovery against the defendant.

The jury was also provided with a special jury verdict form that prescribed the order of their deliberations. SJI2d 66.01. Pursuant to this form, the jury was required to first determine whether defendant White was negligent. The second question required the jury to determine whether the defendant road commission was negligent. If the answer was no to both of those questions, the jury was instructed not to proceed further.

Not until question six was the jury asked to determine whether Mr. Johnson was negligent.

---

[3] The Supreme Court Committee on Standard Civil Jury Instructions has substantially revised SJI2d 10.08. See 66 Mich B J 1270-1271 (1987).

However, the jury never got beyond the second question because it determined that neither defendant White nor defendant road commission was negligent.

The dissent contends that in the absence of the presumption of due care instruction, the jury may have considered the circumstantial evidence of decedent's negligence so as to preclude a finding that defendant White or the road commission was negligent. However, this speculative conclusion totally disregards the fact that the jury was instructed that the plaintiff's negligence would not be a bar to recovery. The jury was completely free to decide the issue of the defendant's negligence without regard to the question of the plaintiff's negligence.

In light of this record, there can be no speculation as to what the result would have been had the jury been instructed on the presumption. The record is conclusive that the issue of the plaintiff's due care was never reached by the jury because it first found that the defendants were not negligent. Hence, there was no opportunity for the instruction to have been considered during the jury's deliberations and no defect in the trial so that the failure to set aside the verdict would be inconsistent with substantial justice.

The decision of the Court of Appeals is reversed.

RILEY, C.J., and BRICKLEY and GRIFFIN, JJ., concurred with BOYLE, J.

CAVANAGH, J., concurred in the result only.

ARCHER, J. (*dissenting*). The majority holds that the Court of Appeals was precluded from deciding certain evidentiary issues on remand from this Court because of the law-of-the-case doctrine. I

disagree. I would hold that this Court's order remanding the case to the Court of Appeals for reconsideration included jurisdiction to decide the evidentiary issues. Determination of the applicability of the jury instruction at issue necessarily included the evaluation of all arguably relevant evidence. In turn, this evaluation required a decision whether such evidence was properly admitted.

The evidence presented at trial entitled the plaintiff to receive a jury instruction on the presumption of due care. I would hold that it was error requiring reversal for the trial court to refuse to give the requested "presumption of due care instruction," SJI2d 10.08. Therefore, I respectfully dissent.

I

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's decedent, L. Dee Johnson, was killed in a two car accident which occurred on September 11, 1979. Donald White was the driver of the vehicle that collided with the decedent's car. Plaintiff alleged that White was negligent in the operation of his vehicle, thereby contributing to the causation of the accident. A second defendant, Francis Beadle, owned and operated the Avalon Bar. The third defendant in the action was the Montmorency County Road Commission. Prior to trial, Francis Beadle settled with the plaintiff. Defendant Montmorency County settled with plaintiff during the appeal process. Only Donald White remains as a defendant.

At trial, plaintiff alleged that three factors primarily contributed to the accident. First, plaintiff complained of the negligent driving of defendant Donald White. Second, plaintiff complained of the

improper location of the stop sign for eastbound
traffic on Avalon Lake Road. Plaintiff alleged that
placement of the stop sign more than one hundred
feet away from the County Road 451 intersection
caused the decedent to approach the intersection
in a hazardous manner. Third, plaintiff com-
plained that a vehicle leaving the Avalon Bar
parking lot obstructed the view of the defendant,
thus precluding defendant from having a clear
view of the decedent's car as it entered the inter-
section.

After a five-day trial, the jury returned a verdict
of no cause of action in favor of defendant Donald
White. The plaintiff appealed in the Court of Ap-
peals, raising six issues. The Court of Appeals
found one of these issues dispositive in that it
required the grant of a new trial. This issue in-
volved the trial court's refusal to give a requested
standard jury instruction, SJI2d 10.08, regarding
the presumption of due care. On the basis of this
Court's decision in *Javis v Ypsilanti Bd of Ed,* 393
Mich 689; 227 NW2d 543 (1975), the Court of
Appeals vacated the judgment of the trial court
and granted plaintiff a new trial.[1] In *Javis,* this
Court established a prophylactic rule of reversal in
cases where a trial court denies a proper request
for a standard jury instruction. *Id.* at 702.

After its disposition of the appeal on the basis of
the error in refusing to give the requested jury
instruction, the Court of Appeals went on to dis-
cuss several additional issues. Although they were
unnecessary to the disposition of the appeal, the
Court felt it likely that these issues could possibly
arise on remand in the trial court.[2] Two of the
issues discussed in this portion of the opinion
involve assertions by the plaintiff that the trial

[1] 144 Mich App 458, 464; 376 NW2d 130 (1985).
[2] *Id.*

court impermissibly allowed certain testimony into evidence.

First, plaintiff argued that the testimony of Francis Beadle regarding a statement made by an unidentified witness after the accident was inadmissible hearsay. Second, the plaintiff complained that the trial court improperly allowed the testimony of Deputy Schwartz of the Montmorency County Sheriff's Department regarding the cause of the accident. Plaintiff asserted that the defendant did not offer a sufficient foundation for Deputy Schwartz to testify as an expert witness.

A divided Court of Appeals panel found that the testimony of Francis Beadle contained a declaration of an admissible present sense impression.[3] Likewise, with respect to the testimony of Deputy Schwartz, the divided panel found that sufficient foundation had been laid for him to testify with regard to the cause of the accident.[4]

Both parties appealed in this Court from the Court of Appeals judgment granting the plaintiff a new trial. The defendant contested the Court of Appeals holding regarding the requested jury instruction. The plaintiff cross-appealed, asserting, inter alia, that the trial court and the Court of Appeals had erred in holding that the testimony of Francis Beadle and Deputy Schwartz was admissible. This Court issued the following order in response to the applications for leave to appeal and cross-appeal:

> Pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, the case is remanded to the Court of Appeals for reconsideration in light of *Johnson v Corbet,* 423 Mich 304 [377 NW2d 713] (1985). Leave to appeal as cross-appellant is denied be-

[3] 144 Mich App 467.

[4] *Id.* at 470.

cause the Court is not persuaded that it should review the questions presented. [424 Mich 869; 380 NW2d 39 (1986).]

On remand, the same Court of Appeals panel held that the standard of review announced in *Johnson v Corbet,* as applied to the instant case, required a new trial.[5] Under that standard, failure to give a properly requested jury instruction requires reversal only if it "amounts to an 'error or defect' in the trial so that the failure to set aside the verdict would be 'inconsistent with substantial justice.'" *Johnson v Corbet,* 423 Mich 304, 326; 377 NW2d 713 (1985); MCR 2.613(A). After reaffirming its prior decision that the plaintiff was entitled to a new trial,[6] the Court of Appeals addressed the evidentiary issues involving the testimony of Francis Beadle and Deputy Schwartz. This time, however, the panel unanimously found that the testimony was inadmissible. *Johnson v White (On Remand),* 154 Mich App 425, 429; 397 NW2d 555 (1986). Defendant appealed in this Court, asserting that the Court of Appeals erred in granting the plaintiff a new trial and in holding that the testimony of Francis Beadle and Deputy Schwartz was inadmissible.[7] We granted leave to appeal. 428 Mich 857 (1987).

II

### THE COURT OF APPEALS JURISDICTION ON REMAND

In remanding this case to the Court of Appeals for reconsideration in light of *Johnson v Corbet,* this Court in effect required the Court of Appeals to make the determination whether the failure of

---

[5] 154 Mich App 425, 428; 397 NW2d 555 (1986).

[6] *Id.* at 427-428.

[7] *Id.* at 428-429.

the trial court to give the standard jury instruction requested by the plaintiff was an error resulting in "such unfair prejudice to the [plaintiff] that the failure to vacate the jury verdict would be 'inconsistent with substantial justice.' " *Johnson v Corbet, supra* at 327; MCR 2.613. Compliance with our remand order necessarily included a review of the evidence to determine whether the use of SJI2d 10.08 was required under MCR 2.516(D)(2).

MCR 2.516(D)(2) provides:

> Pertinent portions of the Michigan Standard Jury Instructions (SJI) *must* be given in each action in which jury instructions are given if (a) they are applicable, (b) they accurately state the applicable law, and (c) they are requested by a party. [Emphasis added.]

In my view, the Court of Appeals was fully within its jurisdiction on remand when it determined that certain testimony weighed by the trial court in its analysis of the applicability of SJI2d 10.08 was inadmissible. The determination of applicability must be based on competent evidence. Therefore, I disagree with the majority's conclusion that the law-of-the-case doctrine precluded Court of Appeals jurisdiction to consider the admissibility of this evidence on remand.

### LAW-OF-THE-CASE DOCTRINE

The law-of-the-case doctrine has been stated (as it applies to a case on remand) as follows:

> After the case is remanded the court on a second appeal will consider only those questions arising subsequently to the remand or which were not adjudicated in the former determination. [5B CJS, Appeal and Error, § 1823, p 192.]

This general rule is qualified, however: "[T]he former decision may be reconsidered and reversed under exceptional circumstances and when cogent reasons therefor exist." *Id.,* § 1824, p 194.

In this case, the Court remanded to the Court of Appeals for reconsideration in light of *Johnson v Corbet.* As stated previously, application of the *Johnson v Corbet* standard necessarily requires consideration 'of evidentiary issues. Here, the Court of Appeals panel which had previously considered the evidentiary issues voted unanimously on reconsideration to reverse its former conclusion.

Thus, this case is easily distinguishable from the cases cited by the majority for the proposition that the Court of Appeals lacked jurisdiction to consider the evidentiary issues. In *CAF Investment Co v Saginaw Twp,* 410 Mich 428; 302 NW2d 164 (1981), this Court reversed the decision of the Tax Commission and remanded the case to the newly formed Tax Tribunal for a hearing de novo to determine the true cash value of certain property. Upon remand, the Tax Tribunal predicated valuation on the amount of income the plaintiff's property was "capable of producing" in direct contravention of this Court's directions to use the actual income for valuation purposes. We held that the Court of Appeals was correct in reversing and remanding the case for a correct valuation because its prior determination that actual income was to be used for valuation purposes was the law of the case and therefore not subject to review by the Tax Tribunal. *Id.* at 456-457.

The instant case is not similar to *CAF Investment Co.* In that case, the Tax Tribunal violated specific directions from this Court on remand. Here, however, the Court of Appeals merely sought to comply with our mandate on remand to

fully consider all evidentiary issues in reaching its determination whether SJI2d 10.08 should have been given under the standard, enunciated in *Johnson v Corbet* and the applicable court rule.

Similarly, the majority's citations of *Lyon v Ingham Circuit Judge,* 37 Mich 378 (1877), and *Thompson v Hurson,* 206 Mich 139; 172 NW 544 (1919), are not on point. In both cases, the parties petitioned lower courts on remand to modify decrees of the Supreme Court. In both cases, we held on appeal that such a modification would be a violation of the law-of-the-case doctrine. The Court in *Lyon v Ingham Circuit Judge, supra* at 378, stated:

> The court rendering the conclusive judgment may have a discretionary authority to review and revise its own action, but if that court shall have taken the case on appeal, and shall have remanded it after judgment, the court below can have no similar authority, because if it could and should exercise it, it would really be reviewing and revising the action of its superior; which would be absurd.

The Court in *Lyon* recognized that the law-of-the-case doctrine is qualified to the extent that an appellate court may, under certain circumstances, reconsider or review and subsequently revise its prior action. That is precisely what the Court of Appeals did here. It did not review or revise any action of a superior court. A panel which had previously split on an evidentiary issue unanimously determined that its prior ruling was in error and therefore modified that prior ruling.

Another recognized exception to the law-of-the-case doctrine involves revision of prior determinations where those determinations were made as dicta. 5 Am Jur 2d, Appeal and Error, § 753, pp

196-197. In this case, it is clear that the Court of Appeals discussion of the evidentiary issues in the first appeal was not essential to the holding that the plaintiff was entitled to a new trial. The Court of Appeals expressly stated that it found the issue of the failure to give the standard jury instruction a dispositive one and that the subsequent discussion of evidentiary issues was merely an attempt to clarify issues which might arise on remand.[8] Such dicta may be revised without violation of the doctrine of the law of the case. The doctrine applies only to so much of an opinion expressed by the appellate court in a former decision in the same case as was essential to the determination then made by the appellate court. *Id.*

### III

#### EVIDENTIARY ISSUES

##### A. TESTIMONY OF FRANCIS BEADLE

Francis Beadle, the owner of the Avalon Bar, was permitted to testify with regard to the statements of an unidentified bystander shortly after the accident:

> *Q.* Tell us about the conversation that you had with that man.
> *A.* Well the man—I didn't really say anything to him. He just started telling me what happened.
> *Q.* And what did he say?
> *A.* He said that he was following Mr. Johnson and . . .
> *Mr. Sumpter:* I will object, Your Honor, on the basis of hearsay.
> *The Court:* Objection overruled.
> *The Witness:* And that Mr. Johnson had never

---

[8] 144 Mich App 464.

stopped for the corner. He pulled right on out, and that's when the accident happened.

The defendant argues that this statement should be found admissible pursuant both to MRE 803(1), present sense impression, and to MRE 803(2), excited utterance. I agree with Judge KELLY of the Court of Appeals in his dissent to the first opinion of the Court of Appeals in this case. This testimony is archetypical hearsay and does not fit within any exception to the hearsay rule. It is clear from Mr. Beadle's testimony that there was a substantial period of time between the accident and the time at which he heard the statement by the unidentified witness to the accident. There is no indication in the testimony of Mr. Beadle that the witness had a reason to be excited. Nor is there any evidence that the statement was made before there was time to misrepresent or contrive to mislead investigation of the accident. See *People v Petrella,* 124 Mich App 745, 760; 336 NW2d 761 (1983), lv gtd on other grounds 419 Mich 922 (1984). It should also be noted that Mr. Beadle did not reveal the occurrence of this purported conversation until after he was made a party defendant in the instant litigation. There is inherent unreliability and bias in this testimony. Therefore, I would hold that this testimony was inadmissible hearsay.

### B. TESTIMONY OF DEPUTY SCHWARTZ

The testimony presented to establish a foundation for the testimony of Deputy Schwartz was insufficient. It is unclear from the testimony whether Deputy Schwartz interviewed the unidentified witness described in the testimony of Mr. Beadle. He did interview defendant White, but

made findings inconsistent with the statements of defendant White at the scene of the accident and White's testimony at trial. Thus, because defendant White's testimony does not substantiate the conclusions drawn by Deputy Schwartz and there is no indication that Schwartz interviewed any other witnesses of the accident, it was improper for the trial court to allow this testimony to be admitted. There was insufficient foundation.

IV

### THE PRESUMPTION OF DUE CARE INSTRUCTION

SJI2d 10.08 contains the following language:

> Presumption of Ordinary Care—Death Case
>
> Because [name of decedent] has died and cannot testify, you must presume that [he/she] was in the exercise of ordinary care for [his/her] safety (and for the safety of others) at and before the time of the occurrence, unless you find the presumption is overcome by the evidence.
>
> In deciding whether the presumption is overcome, you must weigh the presumption with all the evidence. If, after so weighing, you are unable to decide that the presumption has been overcome, then you must find that [name of decedent] was not negligent.

This instruction is to be given in a negligence action when one of the parties is deceased. See Note on Use, SJI2d 10.08. The effect of the presumption is to place upon the defendant the burden of showing that the decedent failed to exercise due care. *Salvati v Dep't of State Hwys*, 92 Mich App 452, 462; 285 NW2d 326 (1979). The use of the presumption has been described as follows:

> When direct, positive and credible rebutting evidence is introduced, the presumption ceases to operate; but when circumstantial evidence of doubtful value is the only rebutting evidence offered, the question should be submitted to the

jury, and if they decide that the circumstantial evidence should be disregarded, the presumption is still sufficient to establish plaintiff's case as to the exercise of proper care by the deceased. [*Gillett v Michigan United Traction Co,* 205 Mich 410, 415-416; 171 NW 536 (1919).]

The majority holds that the failure to give SJI2d 10.08 does not require reversal in this case, whether or not it was error. They assert that it was sufficient for the trial judge merely to instruct the jury on the operation of comparative negligence. The Court states:

[T]he jury was clearly informed that the negligence of the decedent, if any, would not bar recovery by the plaintiff against the defendant, but that the total amount of damages to which the plaintiff would otherwise be entitled would be reduced by the percentage of the decedent's negligence that was a proximate cause of his death. [*Ante,* p 60.]

This argument ignores the rule that the presumption of due care operates in favor of a decedent where there has been no direct evidence of negligence on the part of the decedent. In this case, there has been no such direct evidence submitted by the defendant. Therefore, the operation of the presumption was necessary to negate any circumstantial evidence that the defendant put forth to establish negligence on the part of the decedent. This Court has stated:

There is no reason why an unsuccessful attempt to show the negligence of deceased in some particular respect should place upon the plaintiff the burden of proving by affirmative evidence that the ·deceased used due care in all respects—a burden which did not rest upon him before the attempt was made. [*Gillett, supra* at 416.]

The majority also asserts that the special verdict form that prescribes the order of jury deliberations

somehow negated any error resulting from failure
to give SJI2d 10.08. This is speculative at best. The
Court notes that the first question on the form
required the jury to determine whether defendant
White was negligent. The second question required
the jury to determine whether the defendant road
commission was negligent. If the answer was "no"
to both of those questions, the jury was instructed
not to proceed further. The majority relies on the
jury's negative answer to these two questions to
argue that the jury would have never reached
question six asking whether Mr. Johnson was
negligent and that therefore there was no need to
give the instruction on the presumption of due
care. This argument fails to take into account the
possibility that the jury, in the absence of the
presumption of due care instruction, may have
considered only the circumstantial evidence pre-
sented by the defendant to establish the decedent's
negligence. This would have colored its considera-
tion as to whether defendant White or the road
commission was negligent. Thus, having influenced
the answer to the first two questions, the failure to
give the instruction may have in fact precluded
the jury from reaching question six, which would
have been directly affected by the jury instruction
at issue.

### CONCLUSION

For the above reasons, I would hold that, on
these facts, the Court of Appeals had the jurisdic-
tion to determine appropriate evidentiary issues
on remand. I would also hold that the trial court's
failure to give SJI2d 10.08, the presumption-of-due-
care instruction, was harmful error and that fail-
ure to grant the plaintiff a new trial is inconsis-
tent with substantial justice. Therefore, I respect-
fully dissent.

LEVIN, J., concurred with ARCHER, J.