# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DERRICK STACY CHAPPEL,

Defendant-Appellant.

UNPUBLISHED
May 17, 2018

No. 336794
Wayne Circuit Court
LC No. 13-010259-01-FC

Before: O'CONNELL, P.J., and HOEKSTRA and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order, entered after a *Crosby*[1] remand hearing, denying his request for resentencing and thereby reaffirming defendant's original prison sentences of 40 to 80 years each for his convictions of assault with intent to commit murder, MCL 750.83, and felon in possession of a firearm, MCL 750.224f, to be served consecutive to a five-year term of imprisonment for a conviction of possession of a firearm during the commission of a felony, second offense, MCL 750.227b. We affirm.

Defendant was convicted of shooting his unarmed neighbor, Ronald Simmons, at close range at Simmons's home in Detroit. The trial court scored the guidelines for defendant's conviction of assault with intent to commit murder, which is a class A offense. MCL 777.16d. The court's scoring decisions resulted in a guidelines range of 171 to 570 months for a fourth-offense habitual offender under the applicable sentencing grid. MCL 777.62; MCL 777.21(3)(b). In a prior appeal, this Court affirmed defendant's convictions and sentences, and we expressly rejected defendant's argument that his sentence for his felon-in-possession conviction, which was the same as his sentence for assault with intent to commit murder, was disproportionate because the trial court failed to separately score the guidelines for defendant's felon-in-possession conviction. *People v Chappel*, unpublished per curiam opinion of the Court of Appeals, issued September 22, 2015 (Docket No. 321480), p 1-3. In a footnote, this Court stated that *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), did not alter its analysis because defendant did not argue that the trial court improperly engaged in judicial fact-finding during sentencing. *Chappel*, unpub op at 4 n 1. Defendant filed an application for leave to appeal in the

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Michigan Supreme Court. The Supreme Court issued an order vacating footnote 1 in this Court's opinion, and remanding the case to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described" in *Lockridge*. *People v Chappel*, 499 Mich 924 (2016).

On remand, the trial court complied with the Supreme Court's remand order by following the procedure required by *Lockridge*, 498 Mich at 398-399. It consulted the parties, allowed defendant and his attorney to place their views about resentencing on the record, and expressly acknowledged that, under *Lockridge*, the guidelines are now only advisory. In deciding whether it would have imposed a materially different sentence knowing that the guidelines are advisory, the court commented about defendant's criminal history and the nature of the offense, and it expressed its belief that defendant's original sentence, which was within the advisory guidelines range, was reasonable and proportionate. Having considered defendant's sentence in light of *Lockridge*, the trial court concluded that it would not have imposed a materially different sentence knowing that the guidelines are only advisory. Accordingly, the trial court denied defendant's request for resentencing.

On appeal, defendant's only argument is that his sentence for his felon-in-possession conviction is disproportionate because he received the same sentence for felon-in-possession and assault with intent to commit murder. According to defendant, the trial court erred by failing to separately score the guidelines for his felon-in-possession conviction, and instead, improperly used the minimum sentence range for the higher class offense of assault with intent to commit murder. Defendant raised this same claim in his prior appeal, and this Court addressed and rejected it. *Chappel*, unpub op at 1-3. Because this issue was decided in defendant's prior appeal, this Court's prior decision is binding as the law of the case. "That doctrine provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994). Under that doctrine, "[r]ulings of [an] intermediate appellate court . . . remain the law of the case insofar as they are not affected by the opinion of [a] higher court[.]" *Johnson v White*, 430 Mich 47, 53; 420 NW2d 87 (1988). As previously indicated, our Supreme Court remanded this case to the trial court for the limited purpose of determining whether the trial court would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*. *Chappel*, 499 Mich at 924. It denied leave in "all other respects." *Id*. Because the Supreme Court did not disturb this Court's prior ruling that the trial court was not required to separately score the guidelines for defendant's felon-in-possession conviction, this Court's prior decision on that issue is binding as the law of the case. Therefore, defendant is not entitled to relief.

Affirmed.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly

-2-